Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTOR**
**STUDIO MOVIE GRILL HOLDINGS, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-32633-11** |
| | § | |
| **STUDIO MOVIE GRILL HOLDINGS, LLC,** | § | **Chapter 11** |
| ***et al.*,**[1] | § | |
| **DEBTOR.** | § | **Joint Administration Requested** |

# NOTICE OF DESIGNATION AS COMPLEX CHAPTER 11 BANKRUPTCY CASES

1 The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

These Chapter 11 Cases were filed on October 23, 2020. The undersigned party-in-interest believes that these cases qualify under General Order No. 2006-02 as complex Chapter 11 cases because:

- The Debtors' have total debt of more than $10 million; and
- There are more than 50 parties in interest in these cases.

DATED: October 23, 2020

Respectfully submitted,

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By: */s/ Frank J. Wright*

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648

2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100
Emails: frank@fjwright.law
jeff@fjwright.law
jay@fjwright.law

**PROPOSED COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 23, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

*Frank J. Wright*
Frank J. Wright

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-32633-11** |
| | § | |
| **STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.*,**[1] | § | **Chapter 11** |
| | § | |
| **DEBTOR.** | § | **Joint Administration Requested** |

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).



**EXHIBIT "A"**

**ORDER GRANTING COMPLEX CHAPTER 11 BANKRUPTCY CASE TREATMENT**

On October 23, 2020, Studio Movie Grill Holdings, LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). A Notice of Designation as Complex Chapter 11 Cases (see General Order No. 2006-02) was filed. After review of the initial pleadings filed in these cases, the Court concludes that these cases appear to be complex Chapter 11 cases. Accordingly, unless the Court orders otherwise,

**IT IS ORDERED** that:

1. The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

   a. The service list shall include the Debtors, Debtors' counsel, counsel for the DIP Agent[2], counsel for the unsecured creditors' committee (if any), the U.S. Trustee, all secured creditors, the consolidated 30 largest unsecured creditors, and any party that requests notice;

   b. Any party-in-interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving Debtors' counsel with a notice of appearance and request for service;

   c. Parties on the service list, who have not otherwise consented to service by e-mail through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail, unless otherwise provided by order of this Court;

   d. The initial service list shall be filed within 3 days after entry of this order. A revised list shall be filed 7 days after the initial service list is filed. The Debtors shall update the service list and shall file a copy of the updated service list (i) at least every 7 days during the first 30 days of the case; (ii) at least every 15 days during the next 60 days of the case; and (iii) at least every 30 days thereafter throughout the case.

2. The Court sets the following dates and times for the next two months as the pre-set hearing date and time for hearing all motions and other matters in these cases:

[2] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [*Senior Secured Superpriority Debtor-in-Possession Financing Amendment*] dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

, [●], 2020 at [●]
, [●], 2020 at [●]
, [●], 2020 at [●]

Settings for the following months will be published by the Court no later than 30 days prior to the first hearing date in the said following months. (There may be exceptions; those exceptions will be noted on the Court's internet schedule, available at www.txnb.uscourts.gov).

a. All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing on the next hearing day that is at least 24 days after the notice is mailed. As a preface to each pleading, just below the case caption, in lieu of the language required by any Local Bankruptcy Rule, the pleading shall state:

> A HEARING WILL BE CONDUCTED ON THIS MATTER ON ______ AT ___.M. AT THE EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM #__, DALLAS, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

b. All motions and other matters requiring expedited or emergency hearing shall comply with the usual Court requirements for explanation and verification of the emergency. Specifically, if a party in interest has an emergency or other situation that it believes requires consideration on less than 24-days' notice, or an emergency that it believes requires consideration on less than 5 business days' notice, then the party should file and serve a separate, written motion for expedited hearing with respect to the underlying motion. The Court will make its best effort to rule on the motion for expedited or emergency hearing within twenty-four (24) hours of the time it is presented. If the Court grants the motion for expedited hearing, the underlying motion will be set by the courtroom deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the Court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

3. Emergency and expedited hearings (and other hearings in limited circumstances) in these cases may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by contacting the Courtroom Deputy

at (___) ____ - _____ or __________@txnb.uscourts.gov.

4. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

5. The Debtors shall give notice of this order to all parties in interest within seven days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses, the Court may reconsider any part of this order and may grant relief, if appropriate.

**IT IS SO ORDERED**.

**# # # End of Order # # #**

**SUBMITTED BY:**

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION**