Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

PROPOSED COUNSEL TO DEBTOR
STUDIO MOVIE GRILL HOLDINGS, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| et al.,[1] | § | |
| DEBTOR. | § | Joint Administration Requested |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS; (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT AND FORMER EMPLOYEES; AND (IIII) APPROVING THE PROOF OF CLAIM FORM**

Studio Movie Grill Holdings, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced Chapter 11 cases (collectively, the "Debtors") hereby files this *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 30 Unsecured Creditors and a Consolidated List of Creditors; (II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees; and (III) Approving the Proof of Claim Form* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2. On October 23, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of William Snyder, CRO of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motion* (the "Snyder Declaration"), which was filed on the Petition Date and is incorporated by reference in this Motion.

## III.
## RELIEF REQUESTED & BASIS FOR RELIEF

5. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit "A"**, (i) authorizing the Debtors to file a consolidated list of the top 30 unsecured creditors and a consolidated list of creditors, (ii) authorizing the Debtors to redact certain personal identification information of individual creditors and current and former employees, and (iii) approving the form of a customized proof of claim form (the "Proof of Claim Form").

### A. Consolidated List of Top 30 Unsecured Creditors and Consolidated Creditor Matrix

6. The following is a consolidated list of the Debtors' top thirty (30) creditors:

1. Construct & Maintain Group
2. EMJ Corporation
3. Spirit Master Funding X, LLC
4. SEGARS Group, LLC
5. Vista Entertainment Solutions, Ltd.
6. STORE Master Funding III, LLC
7. US Food Service
8. Bwana Theater Partners, LLC
9. Rancho Keystone Park, L.P.
10. BRE RC Lincoln Square TX LP; Lincoln Square RC RioCan LP
11. Lockard Midland Square, LLC; Midland Tower Properties, LLC; Lockard Development, Inc.
12. University Mall Portwood Owner LLC; University Mall TIC Owner LLC; University Mall SOHO Owner LLC
13. Tyler Broadway/Centennial LP
14. AmREIT SSPF Berkeley
15. Brixmor Operating Partnership 2, LLC
16. Incora
17. ACS Enterprises
18. Spirit Realty, L.P.
19. Rice Lake Square, LLC
20. Bayside SVTC, LLC
21. Presidio Technology Capital LLC
22. Harberg Mediation and Law Group
23. Capital One CC
24. Peninsula Main VA, LLC

25. Film Tech Cinema Systems, LLC
26. RPT Realty, L.P.
27. AT&T
28. MV EPICENTRE II LLC; and Epicentre SPE (Charlotte), LLC
29. 5500 South Freeway, LLC; Charles Dunn Real Estate Services, Inc.
30. 69th Street Retail Owner, LP

7. Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Bankruptcy Rule 1007(a)(1) further requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." *Id.* at 1007(a)(1). In complex Chapter 11 bankruptcy cases filed in the Northern District of Texas, debtors may file a consolidated creditor matrix. *See* Exhibit G to the Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Northern District of Texas.

8. The Debtors assert that a large number of creditors may be shared amongst the Debtors. As such, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Debtors assert that the Top 30 list will alleviate administrative burdens, costs, and minimize the possibility of duplicative service. Further, because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully also request authority to file one Consolidated Creditor Matrix for all Debtors.

9. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re J. C. Penney Co., Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) (Docket No. 68); *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20¬32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) (Docket No. 241); *In re Chinos Holdings, Inc.*, Case No. 20-32181 (Bankr. E.D. Va. May 5, 2020) (Docket No. 100); *In re PHI, Inc.*, Case No. 19¬30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) (Docket No. 72); *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) (Docket No. 70); *In re Sears Methodist Retirement Sys., Inc.*, Case No.

14-32821 (SGJ) (Bankr. N.D. Tex. June 12, 2014) (Docket No. 67); *In re Fibertower Network Servs. Corp.*, Case No. 12-44027-11 (DML) (Bankr. N.D. Tex. July 25, 2012) (Docket No. 75).

B.  **Redacting Certain Confidential Information for Individual Creditors and Former and Current Employees**

10.  Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > Any means of identification . . . contained in a paper filed, or to be filed, in a case under this title [and]
>
> > Other information contained in a paper described in subparagraph (A).

11.  Additionally, individual states have enacted privacy protection regulations. For example, the State of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation. The CCPA is applicable to almost all for-profit entities doing business in California, under certain criteria. Based upon their California locations and their annual gross revenue, the Debtors are likely subject to the CCPA.

12.  Therefore, the Debtors respectfully request authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including without limitation the Creditor Matrix, Schedules, and Statements, the home addresses of individual creditors—including the Debtors' employees and contract workers because such information can be used to (i) perpetrate identity theft; (ii) locate survivors of domestic violence; and (iii) harass or stalk.[2] Moreover, disclosure risks violating the CCPA, exposing the Debtors to potential civil liability and significant financial penalties.

---

[2] This is not a speculative risk. In the *Charming Charlie Holdings Inc.* bankruptcy case, Case No. 19-11534(CSS) (Bank. D. Del. Jul. 11, 2019), a debtor's employee whose employee information was filed in the Chapter 11 case was used by a former partner to locate that employee, forcing said employee to change addresses.

13. The Debtors propose to provide, upon request, an unredacted version of the Consolidated Creditor Matrix to the Court, the Office of the United States Trustee for the Northern District of Texas, and counsel to the official committee of unsecured creditors should one be appointed in the Chapter 11 Cases.

14. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re J. C. Penney Co., Inc.*, Case No. 20-2182 (DRJ) (S.D. Tex. May 16, 2020) (Docket No. 68); *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (S.D. Tex. May 7, 2020 (Docket No. 13); *In re SAS Healthcare, Inc.*, Case No. 19-40401 (Bankr. N.D. Tex. Feb. 6, 2019) (Docket No. 46); *In re Senior Care Ctrs. LLC*, Case No. 18-33967 (Bankr. N.D. Tex. Dec. 7, 2018) (Docket No. 70); *In re Preferred Care, Inc.*, Case No. 17-44642 (Bankr. N.D. Tex. Nov. 20, 2017) (Docket No. 62); *In re Azure Midstream Partners, LP*, Case No. 1730461 (Bankr. S.D. Tex. Feb. 1, 2017) (Docket No. 40); In re *Memorial Prod. Partners LP*, Case No. 17-30262 (Bankr. S.D. Tex. Jan 17, 2017) (Docket No. 66).

## C.    Customized Proof of Claim Form

15. The Debtors also propose to serve a customized Proof of Claim Form, substantially in the form annexed hereto as **Schedule "1"** or Official Form 410.

16. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. See, e.g., *In re J. C. Penney Co., Inc.*, Case No. 20-2182 (DRJ) (S.D. Tex. May 16, 2020) (Docket No. 99) (approving proof of claim form); *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (S.D. Tex. May 8, 2020 (Docket No. 241) (approving form of notice of commencement); *In re SAS Healthcare, Inc.*, Case No. 19-40401 (Bankr. N.D. Tex. Feb. 6, 2019) (Docket No. 46); *In re A'GACI, L.L.C.*, Case No. 18-50049 (Bankr. W.D. Tex. Jan. 11, 2018 (Docket No. 48); *In re Memorial Prod. Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) (Docket No. 66); *In re Erickson Inc.*, Case No. 16-34393 (Bankr. N.D. Tex. November 10,

2016) (Docket No. 50); *In re Sandridge Energy, Inc.*, Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (Docket No. 88).

## IV.
## NOTICE

17. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Agent[3]; (vi) counsel for any official committees appointed by this Court; (vii) the consolidated list of the 20 largest unsecured creditors of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order (a) (I) Authorizing the Debtors to File a Consolidated List of Top 30 Unsecured Creditors and a Consolidated List of Creditors; (II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees; and (III) Approving the Proof of Claim Form; and (b) awarding the Debtors such other and further relief as this Court may deem just and proper.

DATED: October 23, 2020           Respectfully submitted,

                                           **LAW OFFICES OF FRANK J. WRIGHT, PLLC**

                                           By:   */s/ Frank J. Wright*
                                                     Frank J. Wright

---

[3] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [Senior Secured Superpriority Debtor-in-Possession Financing Amendment dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

        Texas Bar No. 22028800
        Jeffery M. Veteto
        Texas Bar No. 24098548
        Jay A. Ferguson
        Texas Bar No. 24094648

        2323 Ross Avenue, Suite 730
        Dallas, Texas 75201
        Telephone:   (214) 935-9100
        Emails:       frank@fjwright.law
                         jeff@fjwright.law
                         jay@fjwright.law

        **PROPOSED COUNSEL TO DEBTORS**
        **AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 24, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

                                       */s/ Frank J. Wright*
                                       Frank J. Wright

# EXHIBIT "A"

[Proposed Order]

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-32633-11 |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,1 | § | |
| DEBTOR. | § | Joint Administration Requested |

---

1   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

**ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT AND FORMER EMPLOYEES; AND (III) APPROVING THE PROOF OF CLAIM FORM**

Upon the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 30 Unsecured Creditors and a Consolidated List of Creditors; (II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees; and (III) Approving the Proof of Claim* (the "Motion") of Studio Movie Grill Holdings, LLC and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Miscellaneous Rule No. 33 (N.D. Tex. Aug. 3, 1984) (Woodward, H.O.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS ORDERED** that:

1. The Motion is GRANTED as set forth herein;

2. The Debtors are authorized to file one Consolidated List of their 30 largest general unsecured creditors for all Debtors;

3. The Debtors are authorized to file one Consolidated Creditor Matrix for all Debtors;

4. Debtors are authorized to redact the home addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or other document filed with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to the Court, the U.S. Trustee, and counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any);

5. The customized proof of claim form, substantially in the form annexed hereto as **Schedule "1"** (the "Proof of Claim Form") is hereby approved;

6. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion;

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion;

**IT IS SO ORDERED.**

# # # End of Order # # #

<u>SUBMITTED BY</u>:

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**

# SCHEDULE "1"

[Proof of Claim Form]

# SCHEDULE "1"

[Proposed Proof of Claim Form]

| Fill in this information to identify the case: | Proof of Claim |
|---|---|
| In re: Studio Movie Grill Holdings, LLC, *et al.* | |
| Debtor name: _____ | |
| United States Bankruptcy Court for the Northern District of Texas | |
| Case number: _____ | |

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense other than a claim arising under section 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? Name and address of the creditor. | Name and address of creditor (the person or entity to be paid for this claim): <br><br><br><br><br>Other names the creditor used with the debtor: _____ | |
| 2. Has this claim been acquired from someone else? | ❏ No ❏ Yes. From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent? <br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). | Where should notices to the creditor be sent? <br><br>Name: _____ <br><br>Address: _____ <br><br>City: _____ State: ____ Zip: _____ <br><br>Phone: _____ <br><br>Email: _____ | Where should payments to the creditor be sent? (if different) <br><br>Name: _____ <br><br>Address: _____ <br><br>City: _____ State: ____ Zip: _____ <br><br>Phone: _____ <br><br>Email: _____ |
| 4. Does this claim amend one already filed? | ❏ No | ❏ Yes. Claim number on court claims registry (if known): _____     Filed on (MM/DD/YYYY): _____ |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ❏ No | ❏ Yes. Who made the earlier filing? _____ |

## Part 2: Give Information About the Claim as of the Date the Case was Filed

| | | |
|---|---|---|
| 6. Do you have any number you use to identify the debtor? | ❏ No | ❏ Yes. Last 4 digits of the debtor's account or any identification number used: ____ ____ ____ ____ |
| 7. How much is the claim? | $_____ | Does this amount include interest or other charges? <br>❏ No    ❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. | _____ <br><br> _____ <br><br> _____ |

| | | | |
|---|---|---|---|
| 9. Is all or part of the claim secured? | ❏ No<br>❏ Yes. The claim is secured by a lien on property. | **Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $_____ **Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured** (the sum of the secured and unsecured amounts should match the amount in line 7): $_____<br>**Amount necessary to cure any default as of the date of the petition:** $_____ | ❏ Motor vehicle<br>❏ Other (describe): _____<br><br><br><br><br><br><br>**Annual interest rate** (when case was filed): _____% ❏ Fixed ❏ Variable |
| 10. Is this claim based on a lease? | ❏ No | ❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ | |
| 11. Is this claim subject to a right of setoff? | ❏ No | ❏ Yes. Identify the property: _____ | |
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | ❏ No | ❏ Yes. *Check all that apply:*<br>❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>❏ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br>❏ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br>❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br>❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br>❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | **Amount entitled to priority**<br>$_____<br>$_____<br>$_____<br>$_____<br>$_____<br>$_____ |
| 13. Is all or part of the claim entitled to priority under 11 U.S.C. § 503(b)(9)? | ❏ No<br><br>❏ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br>$_____ | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*
❏ I am the creditor.
❏ I am the creditor's attorney or authorized agent.
❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date (MM/DD/YYYY): _____

Signature: _____

**Print the name of the person who is completing and signing this claim:**

First name: _____ Middle: _____ Last: _____

Title: _____

Company (identify the corporate servicer as the company if the authorized agent is a servicer): _____

Address: _____

City: _____ State: _____ Zip: _____

Phone: _____ Email: _____

# Instructions for Proof of Claim
United States Bankruptcy Court 12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the reverse page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the claims agent's website (www.donlinrecano.com/smg) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Administrative expense claim under 11 U.S.C. §503(b)(9):** Administrative expense claims under 11 U.S.C. §503(b)(9) include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Studio Movie Grill Holdings, LLC, et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Studio Movie Grill Holdings, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

Alternatively, your claim can be filed electronically on DRC's website at:
https://www.donlinrecano.com/Clients/smgh/FileClaim

**Do not file these instructions with your form.**