Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTOR**
**STUDIO MOVIE GRILL HOLDINGS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | **Chapter 11** |
| *et al.,*[1] | § | |
| DEBTOR. | § | **Joint Administration Requested** |

## DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER

[1]   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

**PROVIDING ADEQUATE ASSURANCE OF UTILITY PAYMENTS**

Studio Movie Grill Holdings, LLC and its debtor affiliates (the "Debtors" or "SMG"), by and through their proposed undersigned counsel, file this *Emergency Motion Interim and Final Order Providing Adequate Assurance of Utility Payments* (the "Motion"), seeking the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 366(a) and (b), (i) prohibiting utility companies from altering, refusing, or discontinuing services to the Debtors on account of pre-petition invoices and (ii) authorizing and approving the amount and method by which the Debtors may furnish certain utilities with adequate assurance of payment for post-petition utility services and directing the utilities to continue providing such services In support of this Motion, the Debtors would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief requested herein are Sections 105(a) and 366(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## II.
## BACKGROUND

2.      On October 23, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4.      SMG is engaged in the dine-in movie theater business. In addition to its movie

offerings, SMG's theaters include a bar and lounge area, with direct to seat service for guests before and during their movies. Specifically, SMG operates 34 movies theaters in 9 states, including Arizona, California, Florida, Georgia, Illinois, North Carolina, Pennsylvania, Texas, and Virginia. All theaters operate under the brand name "Studio Movie Grill."

5.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of William Snyder, CRO of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motion (the "Snyder Declaration"),* which was filed on the Petition Date and is incorporated by reference in this Motion.

### III.
### SUMMARY OF UTILITIES

6.      In the operation of their business, it is necessary for the Debtors to obtain certain utility services, including electricity, gas, water, trash removal, and telecommunications services (collectively, the "Utility Services"). The Utility Services are provided by numerous utility companies and other providers (collectively, the "Utility Providers"), including those identified on the list attached as **Exhibit "A"** hereto.

7.      Certain utilities are billed directly to SMG Holdings, while others are billed to their respective locations. The Debtors submit that continuation of the Debtors' operations and preservation of its assets depend upon uninterrupted service from the Utility Providers.

### IV.
### RELIEF REQUESTED

8.      Section 366(b) of the Bankruptcy Code prevents utility companies from discontinuing, altering, or refusing service to a debtor during the initial twenty (20) days of a bankruptcy case. However, after 20 days from the petition date, a utility company may alter, refuse or discontinue its utility services, pursuant to Section 366(c)(2) of the Bankruptcy Code, if a debtor does not furnish adequate assurance of payment.

9.     By this Motion, the Debtors seek entry of an Order: (i) determining that the Utility Providers (as defined below) have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; (ii) approving the Debtors' proposed offer of adequate assurance and procedures whereby Utility Providers may request additional or different adequate assurance; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of pre-petition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; (iv) establishing procedures for the Utility Providers to seek to opt out of the Debtors' proposed adequate assurance procedures; (v) determining that the Debtors are not required to provide any additional adequate assurance beyond what they propose by this Motion, pending entry of the Final Order; and (vi) setting a final hearing ("Final Hearing") on the Debtors' proposed adequate assurance.

10.     Uninterrupted utility services are essential to ongoing operations and, therefore, to the ultimate success of the Debtors' Chapter 11 Cases. Although many of the Debtors' theaters remain closed due to COVID-19 pandemic restrictions and impacts to demand, there are currently 21 Debtor theaters currently in operation, and utility services remain critical to the maintenance and security of the Debtors' operating locations, as well as their existing and future business operations. Any interruption to the Utility Services would not only be disruptive to the Debtors' operations but would also jeopardize successful reorganization.

**A.     Proposed Adequate Assurance**

11.     It is the intention of the Debtors' to fully pay all post-petition obligations owed to the Utility Providers in a timely manner through the use of revenues and post-petition financing. The Debtors anticipate that these sources of funds will exceed the amounts necessary to pay all such post-petition obligations as they come due.

12.    In an abundance of caution, the Debtors propose to provide a deposit equal to two (2) weeks of utility service, calculated as a historical average over the past twelve (12) months, to any Utility Provider who make a written request for such a deposit ("Adequate Assurance Deposit"), provided that the requesting Utility Provider does not already hold a deposit equal to or greater than two (2) weeks of Utility Services, and provided further that such Utility Provider is not currently paid in advance for its services. As a condition of requesting and accepting an Adequate Assurance Deposit, the requesting Utility Provider shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider within the meaning of Section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 Cases.

13.    The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' previous payments and ability to pay for future utility services in the ordinary course of business (collectively, "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers. If any Utility Provider believes additional assurance is required, it may request such assurance pursuant to the following procedures.

**B.    Proposed Adequate Assurance Procedures**

14.    During the first days of the Chapter 11 Cases it would be incredibly difficult, costly, and would divert the Debtors' limited personnel resources to engage in separate negotiations with each potential Utility Provider. Further, if independent negotiations were required and the Debtors were to fail to reach early agreements with each Utility Provider, the Debtors would likely have to file further motions seeking expedited determinations as to adequate assurance or risk service termination. In light of the severe consequences to the Debtors of any interruption in services by the Utility Providers, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate

Assurance on a case-by-case basis, the Debtors propose that the Court enter an Interim Order that

approves and adopts the following procedures ("Adequate Assurance Procedures"):

(i)    Absent compliance with the Adequate Assurance Procedures, the Utility Providers are forbidden to discontinue, alter or refuse service on account of any unpaid pre-petition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order.

(ii)    Any Utility Provider desiring an Adequate Assurance Deposit must serve a request ("Adequate Assurance Request") so that it is received by the Debtors at the following addresses within fifteen (15) days of entry of the Interim Order:

        (a)  Law Offices of Frank J. Wright
              2323 Ross Avenue, Suite 730
              Dallas, Texas 75201

        (b)  William K. Snyder
              CR3 Partners LLC
              13355 Noel Road, Suite 2005
              Dallas, Texas 75240

        (c)  William L. Wallander
              Vinson & Elkins, LLP
              2001 Ross Avenue, Suite 3900
              Dallas, Texas 75201

        (d)  Michael C. Schneidereit
              Nicholas J. Morin
              Jones Day
              250 Vesey Street

(iii)    Any Adequate Assurance Request must: (a) be made in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit; and (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(iv)    Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall have the greater of (a) fourteen (14) days from the receipt of such Adequate Assurance Request; or (b) thirty (30) days

from the Petition Date (collectively, "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(v)    The Debtors may, in their discretion and with the consent of the DIP Agent[2], resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

(vi)    If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, may request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider ("Determination Hearing") pursuant to Section 366(c)(3) of the Bankruptcy Code.

(vii)    Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for pre-petition service or on account of any objections to the Proposed Adequate Assurance.

(viii)    Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures ("Procedure Objection") so that it is actually received within twenty (20) days of entry of the Interim Order by the Debtors at the following addresses:

        (a)  Law Offices of Frank J. Wright
            2323 Ross Avenue, Suite 730
            Dallas, Texas 75201

        (b)  William K. Snyder

---

[2] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [*Senior Secured Superpriority Debtor-in-Possession Financing Amendment* dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

CR3 Partners LLC
13355 Noel Road, Suite 2005
Dallas, Texas 75240

(c) William L. Wallander
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201

(d) Michael C. Schneidereit
Nicholas J. Morin
Jones Day
250 Vesey Street
York, NY 10281

(ix)   Any Procedure Objection must (a) be made in writing; (b) set forth the location for which utility services are provided; (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (e) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

(x)    The Debtor may, in their discretion and with the consent of the DIP Agent, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

(xi)   If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard at the Final Hearing.

(xii)  All Utility Providers that do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing

performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

(xiii)  Notwithstanding anything contained in this Motion, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any interim or final orders authorizing the debtor in possession financing facility and/or the use of cash collateral (a "DIP Order"), including, without limitation, any budgets in connection therewith, and to the extent there is any inconsistency between the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

## C.    Final Hearing Date

15.    In order to resolve any Procedure Objections within thirty (30) days of the applicable Petition Date, the Debtors request that the Court schedule the Final Hearing approximately twenty-five (25) days after the Petition Date.

## D.    Modifications to the Utility Services List

16.    The Debtors have made an extensive and good faith effort to identify their respective Utility Providers and include them on the Utility Service List (attached hereto as **Exhibit "A"**). Nevertheless, it is possible that certain Utility Providers have not yet been identified by the Debtors or included on the Utility Service List. To the extent that the Debtors identify additional Utility Providers, the Debtors will file amendments to the Utility Service List and shall serve copies of the Interim Order and Final Order (when and if entered) on such newly identified Utility Providers. The Debtors request that the Interim Order and Final Order be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Service List.

## V.
## BASIS FOR RELIEF

17.    Section 366(a) of the Bankruptcy Code provides that:

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility

for service rendered before the order for relief was not paid when due.
11 U.S.C. § 366(a).

18.     Congress sought to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing the utility companies with adequate assurance that the Debtors will pay for post-petition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Phila. Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)). The relief requested in this Motion is consistent with this policy.

19.     Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), courts, commentators, and legislative history had all confirmed that Section 366 did not require, in every case, that the Debtors provide a deposit or other security to their utilities as adequate assurance of payment. In *Va. Elec. & Power Co. v. Caldor, Inc.–N.Y.*, 117 F.3d 646, 647 (2d. Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the Debtors' pre-petition payment history, their post-petition liquidity, and the administrative expenses afforded post-petition invoices constituted adequate assurance of future performance. That court rejected the argument that Section 366(b) nevertheless requires a "deposit or other security." *See id.* at 650–52.

20.     A bankruptcy court's authority to "modify" the level of the "deposit or other security," provided for under Section 366(b) includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment." *Id.*; *see also Shirey v. Phila. Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("[S]ection 366(b) . . . does not permit

---

a utility to request adequate assurance of payment for continued service unless there has been a default by the debtor on a prepetition debt owed for services rendered.").

21.     In BAPCPA, Congress added Section 366(c). Bankruptcy Code § 366(c) provides that in a Chapter 11 case, a utility company may alter, refuse, or discontinue utility service if, within thirty (30) days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance. In determining whether an assurance of payment is adequate, the Court may no longer consider (i) the absence of security before the petition date; (ii) the Debtors' history of timely payments; or (iii) the availability of an administrative expense priority.

22.     While the form of adequate assurance may be limited under Section 366(c), the amount of the deposit or other form of security remains fully within the reasonable discretion of the Bankruptcy Court, and Section 366(c) does not require a guarantee of payment. In *In re Adelphia Business Solutions, Inc.*, the Bankruptcy Court for the Southern District of New York stated that "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services." *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002). The essence of the court's inquiry is an examination of the totality of the circumstances in making an informed judgment as to whether utilities will be subject to an unreasonable risk of nonpayment. *Id.* at 82–83; *see In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005).

23.     The availability of the Adequate Assurance Deposit provides the Utility Providers with ample adequate assurance of future payment under Section 366(c). Further, the Debtors' access to post-petition financing under the DIP Facility will ensure the Debtors have sufficient cash resources to pay all valid post-petition obligations for the Utility Services in a timely fashion. Moreover, the

Debtors have substantial incentive to stay current on such Utility Services' obligations, as they comes due, because of the necessity of such services to the Debtors' business operations. In light of the applicable factors, there is cause to find that the Adequate Assurance Deposit and the Adequate Assurance Deposit Procedures – together with the Debtors' access to financing under the DIP Facility – is more than sufficient to assure future payments to all Utility Providers.

24.     In short, the relief requested by this Motion will preserve the status quo and ensure continued Utility Services along with providing a prompt and organized forum for the resolution of any disputes as to adequate assurance. Section 105(a) authorizes this Court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." Because the proposed Adequate Assurance Procedures protect the Debtors without materially prejudicing the Utility Providers, the Adequate Assurance Procedures are fully consistent with the requirements of Section 366 and appropriate under Section 105(a).

25.     Courts in this district and other jurisdictions have granted similar measure and form of relief in Chapter 11 cases following the enactment of BAPCPA. *See e.g., In re The LaSalle Grp., Inc.,* Case No. 1931484 (SGJ) (Bankr. N.D. Tex. June 17, 2019) (Docket No. 91) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re PHI, Inc.,* Case No. 19-30923 (HDH) (Bankr. N.D. Tex. May 10, 2019) (Docket No. 428) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re SAS Healthcare, Inc.,* Case No. 19-40401 (MXM) (Docket No. 49) (Bankr. N.D. Tex. Feb. 6, 2019) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re Erickson Inc.,* Case No. 16-34393 (HDH) (Docket No. 139) (Bankr. N.D. Tex. Dec. 5, 2016) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re Forest Park Med. Ctr. at Southlake, LLC,* Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Feb. 2, 2016) (Docket No.

75) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs).

26.     The Debtors submit that the Court should use its powers under Sections 105 and 366 of the Bankruptcy Code in these Chapter 11 Cases because the issuance of the Interim Order is necessary to preserve the Debtors' orderly operation during the pendency of these cases. Based on the foregoing facts, the Debtors further submit that granting the relief requested is both necessary and appropriate and no additional deposits should be required to supplement the Proposed Adequate Assurance. Such relief will help the Debtor to successfully restructure and will not prejudice the rights of the Utility Providers under Section 366 of the Bankruptcy Code.

27.     No prior motion for the relief requested herein has been made to this or any other court.

## VI.
## NOTICE

28.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002; (v) counsel for the proposed DIP Agent; (vi) counsel for any official committees appointed by this Court; (vii) the consolidated list of the 30 largest unsecured creditors of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**WHEREFORE,** the Debtors respectfully request the Court to enter an order pursuant to Sections 105(a) and 366 of the Bankruptcy Code in substantially the form set forth in **Exhibit "B"**, attached hereto, (i) determining that their Utility Providers have been provided with adequate

assurance of payment within the meaning of Section 366 of the Bankruptcy Code, pending the entry of the Final Order; (ii) approving the Debtor's Proposed Adequate Assurance and the Adequate Assurance Procedures whereby Utility Providers may request additional or different adequate assurance; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of pre-petition amounts outstanding, pending entry of the Final Order; (iv) establishing procedures for the Utility Providers to seek to opt out of the Debtors' proposed adequate assurance procedures; (v) determining that the Debtors are not required to provide any additional adequate assurance, beyond what is proposed by this Motion, pending entry of the Final Order; (vi) providing the Utility Providers with notice of the hearing on the Proposed Adequate Assurance before entering the Final Order; and (vii) granting such other relief as the Court deems just and proper.

DATED: October 23, 2020        Respectfully submitted,

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By:    */s/ Frank J. Wright*
         Frank J. Wright
         Texas Bar No. 22028800
         Jeffery M. Veteto
         Texas Bar No. 24098548
         Jay A. Ferguson
         Texas Bar No. 24094648

2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100
**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 24, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

　　　　　　　　　　*/s/ Frank J. Wright*
　　　　　　　　　　Frank J. Wright

EXHIBIT "A"

**Studio Movie Grill Adequate Assurance**

| Location | # | Utility Provider | Service Address | Account Number | Average Bill | Adequate Assurance |
|---|---|---|---|---|---|---|
| Plano | 1 | Atmos Energy | 4721 W. Park Blvd, Suite 100, Plano, TX 75093 | 3032945553 | $971 | $485 |
| Plano | 2 | City of Plano | 4721 W. Park Blvd, Suite 100, Plano, TX 75093 | 187317 | $652 | $326 |
| Plano | 3 | DirecTV | 4721 W. Park Blvd, Suite 100, Plano, TX 75093 | 032458710 | $297 | $149 |
| Plano | 4 | ELYTUS LTD | 4721 W. Park Blvd, Suite 100, Plano, TX 75093 | STUDIO MOVIE GRILL | $1,618 | $809 |
| Plano | 5 | Reliant | 4721 W. Park Blvd, Suite 100, Plano, TX 75093 | 17 042 459-2 | $7,943 | $3,971 |
| Arlington | 6 | Atmos Energy | 225 Merchants Row Arlington, TX 76018 | 3032945437 | $848 | $424 |
| Arlington | 7 | DirecTV | 225 Merchants Row Arlington, TX 76018 | 051021411 | $239 | $119 |
| Arlington | 8 | ELYTUS LTD | 225 Merchants Row Arlington, TX 76018 | STUDIO MOVIE GRILL | $1,471 | $736 |
| Arlington | 9 | Reliant | 225 Merchants Row Arlington, TX 76018 | 17 024 711-8 | $7,559 | $3,780 |
| Copperfield | 10 | Centerpoint Energy | 8580 Highway 6 North Houston, TX 77095 | 6376624-0 | $390 | $195 |
| Copperfield | 11 | DirecTV | 8580 Highway 6 North Houston, TX 77095 | 062127052 | $262 | $131 |
| Copperfield | 12 | ELYTUS LTD | 8580 Highway 6 North Houston, TX 77095 | STUDIO MOVIE GRILL 21350 52360- | $765 | $383 |
| Copperfield | 13 | Harris County MUD 179 | 8580 Highway 6 North Houston, TX 77095 | 000000360002009 | $351 | $175 |
| Copperfield | 14 | Reliant | 8580 Highway 6 North Houston, TX 77095 | 16 809 491-0 | $4,261 | $2,130 |
| City Centre | 15 | Centerpoint Energy | 822 Town & Country Blvd Ste 200 Houston, TX 77024 | 7919344-7 | $842 | $421 |
| City Centre | 16 | DirecTV | 822 Town & Country Blvd Ste 200 Houston, TX 77024 | 057412794 | $356 | $178 |
| City Centre | 17 | ELYTUS LTD | 822 Town & Country Blvd Ste 200 Houston, TX 77024 | STUDIO MOVIE GRILL | $20 | $10 |
| City Centre | 18 | Reliant | 822 Town & Country Blvd Ste 200 Houston, TX 77024 | 16 806 477-2 | $8,079 | $4,039 |
| Royal | 19 | Atmos Energy | 11170 N. Central Expressway Dallas, TX 75243 | 3033424882 | $1,399 | $699 |
| Royal | 20 | City of Dallas | 11170 N. Central Expressway Dallas, TX 75243 | 100285566 | $1,357 | $679 |
| Royal | 21 | DirecTV | 11170 N. Central Expressway Dallas, TX 75243 | 075466621 | $272 | $136 |
| Royal | 22 | ELYTUS LTD | 11170 N. Central Expressway Dallas, TX 75243 | STUDIO MOVIE GRILL | $936 | $468 |
| Royal | 23 | Reliant | 11170 N. Central Expressway Dallas, TX 75243 | 17 001 103-5 | $6,642 | $3,321 |
| Scottsdale | 24 | APS | 15515 N. Hayden Road Scottsdale , AZ 85260 | 0116540000 | $8,620 | $4,310 |
| Scottsdale | 25 | DirecTV | 15515 N. Hayden Road Scottsdale , AZ 85260 | 057525611 | $190 | $95 |
| Scottsdale | 26 | ELYTUS LTD | 15515 N. Hayden Road Scottsdale , AZ 85260 | STUDIO MOVIE GRILL | $1,061 | $530 |
| Scottsdale | 27 | Southwest Gas Corporation | 15515 N. Hayden Road Scottsdale , AZ 85260 | 421-4495997-004 | $616 | $308 |
| Holcomb | 28 | Constellation | 2880 Holcomb Bridge Road Alpharetta, GA 30022 | Cust #: 7156262-1 | $990 | $495 |
| Holcomb | 29 | DirecTV | 2880 Holcomb Bridge Road Alpharetta, GA 30022 | 083404929 | $263 | $132 |
| Holcomb | 30 | ELYTUS LTD | 2880 Holcomb Bridge Road Alpharetta, GA 30022 | STUDIO MOVIE GRILL | $1,535 | $768 |
| Holcomb | 31 | Sawnee Electric Membership | 2880 Holcomb Bridge Road Alpharetta, GA 30022 | 2330169000 | $5,926 | $2,963 |
| Wheaton | 32 | AEP Energy | 301 Rice Lake Square Wheaton, IL 60189 | 3003101094 | $3,583 | $1,791 |
| Wheaton | 33 | City of Wheaton | 301 Rice Lake Square Wheaton, IL 60189 | 0444030002 - 108493 | $613 | $307 |
| Wheaton | 34 | Commonwealth Edison Company | 301 Rice Lake Square Wheaton, IL 60189 | 0591021091 | $2,582 | $1,291 |
| Wheaton | 35 | Constellation | 301 Rice Lake Square Wheaton, IL 60189 | Acct ID: BG-211871 | $1,460 | $730 |
| Wheaton | 36 | DirecTV | 301 Rice Lake Square Wheaton, IL 60189 | 076928837 | $224 | $112 |
| Wheaton | 37 | Dupage County PW | 301 Rice Lake Square Wheaton, IL 60189 | 15517550-06 | $230 | $115 |
| Wheaton | 38 | ELYTUS LTD | 301 Rice Lake Square Wheaton, IL 60189 | STUDIO MOVIE GRILL | $758 | $379 |
| Duluth | 39 | Constellation | 3850 Venture Drive Duluth, GA 30096 | Cust #: 7174493-1 | $1,159 | $579 |
| Duluth | 40 | DirecTV | 3850 Venture Drive Duluth, GA 30096 | 025882971 | $194 | $97 |
| Duluth | 41 | ELYTUS LTD | 3850 Venture Drive Duluth, GA 30096 | STUDIO MOVIE GRILL | $1,720 | $860 |
| Duluth | 42 | Gwinnest Cty Dept. of Water | 3850 Venture Drive Duluth, GA 30096 | 20520538 | $942 | $471 |
| Duluth | 43 | Jackson Electric | 3850 Venture Drive Duluth, GA 30096 | 979334 | $8,316 | $4,158 |
| Spring Valley | 44 | Atmos Energy | 13933 North Central Expressway Dallas, TX 75243 | 3033424739 | $885 | $442 |
| Spring Valley | 45 | DirecTV | 13933 North Central Expressway Dallas, TX 75243 | 047189416 | $406 | $203 |
| Spring Valley | 46 | ELYTUS LTD | 13933 North Central Expressway Dallas, TX 75243 | STUDIO MOVIE GRILL | $1,460 | $730 |
| Spring Valley | 47 | Reliant | 13933 North Central Expressway Dallas, TX 75243 | 16 999 158-5 | $5,008 | $2,504 |
| Spring Valley | 48 | Reliant | 13933 North Central Expressway Dallas, TX 75243 | 16 999 157-7 N/A | N/A | N/A |
| Indianapolis | 49 | Citizens Energy | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | 1287027-1132798 | $180 | $90 |
| Indianapolis | 50 | Citizens Energy | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | 5834460000 1287027-159511 | $908 | $454 |
| Indianapolis | 51 | Constellation | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | Acct ID: BG-157440 | $789 | $394 |
| Indianapolis | 52 | DirecTV | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | 053431361 | $228 | $114 |
| Indianapolis | 53 | ELYTUS LTD | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | STUDIO MOVIE GRILL | $1,195 | $598 |
| Indianapolis | 54 | Indianapolis Power & Light | 3535 West 86th Street-College Park Plaza Indianapolis, IN 46268 | 1621524 | $10,153 | $5,076 |
| Simi Valley | 55 | City of Simi Valley | 1555 Simi Town Center Way Unit B-100 Simi Valley, CA 93065 | 126669-51066016 | $3,457 | $1,728 |
| Simi Valley | 56 | DirecTV | 1555 Simi Town Center Way Unit B-100 Simi Valley, CA 93065 | 065518550 | $309 | $154 |
| Simi Valley | 57 | ELYTUS LTD | 1555 Simi Town Center Way Unit B-100 Simi Valley, CA 93065 | STUDIO MOVIE GRILL | $1,193 | $596 |
| Simi Valley | 58 | So Cal Gas | 1555 Simi Town Center Way Unit B-100 Simi Valley, CA 93065 | 192 871 8865 0 | $970 | $485 |
| Simi Valley | 59 | Southern California Edison | 1555 Simi Town Center Way Unit B-100 Simi Valley, CA 93065 | 2-37-869-2487 | $13,453 | $6,726 |
| Rocklin | 60 | Direct Energy | 5140 Commons Dr Rocklin, CA 95677 | 753249-87944 | $1,070 | $535 |
| Rocklin | 61 | DirecTV | 5140 Commons Dr Rocklin, CA 95677 | 009290467 | $257 | $128 |
| Rocklin | 62 | ELYTUS LTD | 5140 Commons Dr Rocklin, CA 95677 | STUDIO MOVIE GRILL | $1,878 | $939 |
| Rocklin | 63 | Pacific Gas & Electric | 5140 Commons Dr Rocklin, CA 95677 | 4300002341-6 | $8,061 | $4,030 |
| Rocklin | 64 | Placer County | 5140 Commons Dr Rocklin, CA 95677 | 000150106-000056456 | $1,333 | $666 |
| NW Hwy | 65 | Atmos Energy | 10110 Technology Blvd. East Dallas, TX 75220 | 4003402595 | $425 | $213 |
| NW Hwy | 66 | City of Dallas | 10110 Technology Blvd. East Dallas, TX 75220 | 100691476 | $2,100 | $1,050 |

Studio Movie Grill Adequate Assurance

| Location | # | Utility Provider | Service Address | Account Number | Average Bill | Adequate Assurance |
|---|---|---|---|---|---|---|
| NW Hwy | 67 | City of Dallas | 10110 Technology Blvd. East  Dallas, TX 75220 | 100688921 | N/A | N/A |
| NW Hwy | 68 | Constellation | 10110 Technology Blvd. East  Dallas, TX 75220 | Cust # 7641419-5 | $4,661 | $2,330 |
| NW Hwy | 69 | DirecTV | 10110 Technology Blvd. East  Dallas, TX 75220 | 047571333 | $278 | $139 |
| NW Hwy | 70 | ELYTUS LTD | 10110 Technology Blvd. East  Dallas, TX 75220 | STUDIO MOVIE GRILL | $982 | $491 |
| NW Hwy | 71 | Reliant | 10110 Technology Blvd. East  Dallas, TX 75220 | 17 019 906-1 | $4,265 | $2,133 |
| NW Hwy | 72 | Reliant | 10110 Technology Blvd. East  Dallas, TX 75220 | 17 019 907-9 | N/A | N/A |
| Tyler | 73 | Centerpoint Energy | 8954 S. Broadway Avenue  Tyler, TX 75703 | 6400327145-5 | $1,056 | $528 |
| Tyler | 74 | City Of Tyler | 8954 S. Broadway Avenue  Tyler, TX 75703 | 000181997-000113926 | $868 | $434 |
| Tyler | 75 | DirecTV | 8954 S. Broadway Avenue  Tyler, TX 75703 | 008916806 | $277 | $138 |
| Tyler | 76 | ELYTUS LTD | 8954 S. Broadway Avenue  Tyler, TX 75703 | STUDIO MOVIE GRILL | $1,652 | $826 |
| Tyler | 77 | Reliant | 8954 S. Broadway Avenue  Tyler, TX 75703 | 17 001 086-2 | $7,700 | $3,850 |
| Pearland | 78 | Centerpoint Energy | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | 6400764782-5 | $1,361 | $681 |
| Pearland | 79 | City of Houston | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | 4328-7580-9019 | $2,246 | $1,123 |
| Pearland | 80 | DirecTV | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | 022987723 | $334 | $167 |
| Pearland | 81 | ELYTUS LTD | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | STUDIO MOVIE GRILL | $1,225 | $612 |
| Pearland | 82 | Reliant | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | 16 996 965-6 | $8,864 | $4,432 |
| Pearland | 83 | TXU Energy | 8440 S. Sam Houston East Parkway  Pearland, TX 77075 | 100054241894 | $7,551 | $3,776 |
| Tampa | 84 | Cima Energy | 12332 University Mall Ct Tampa, FL 33612 | 42765443-258-7 | $512 | $256 |
| Tampa | 85 | DirecTV | 12332 University Mall Ct Tampa, FL 33612 | 003203337 | $277 | $139 |
| Tampa | 86 | ELYTUS LTD | 12332 University Mall Ct Tampa, FL 33612 | STUDIO MOVIE GRILL | $1,159 | $579 |
| Tampa | 87 | TECO Peoples Gas | 12332 University Mall Ct Tampa, FL 33612 | 211014427580 | $468 | $234 |
| Tampa | 88 | TECO Tampa Electric | 12332 University Mall Ct Tampa, FL 33612 | 211014427523 | $9,074 | $4,537 |
| Upper Darby | 89 | Comcast | 53 South 69th Street  Upper Darby, PA 19082 | 8499 10 028 0890293 | $160 | $80 |
| Upper Darby | 90 | DirecTV | 53 South 69th Street  Upper Darby, PA 19082 | 076953950 | $269 | $134 |
| Upper Darby | 91 | ELYTUS LTD | 53 South 69th Street  Upper Darby, PA 19082 | STUDIO MOVIE GRILL | $1,002 | $501 |
| Upper Darby | 92 | Peco Energy Company | 53 South 69th Street  Upper Darby, PA 19082 | 37199-38023 | Peco | $172 |
| Upper Darby | 93 | Peco Energy Company | 53 South 69th Street  Upper Darby, PA 19082 | 71223-25005 | Peco N/A | N/A |
| Upper Darby | 94 | Peco Energy Company | 53 South 69th Street  Upper Darby, PA 19082 | 95951-99124 | Peco N/A | N/A |
| Colony | 95 | CoServ | 4800 State Highway 121  The Colony, TX 75056 | 9001065919 | $5,262 | $2,631 |
| Colony | 96 | Denton County FWSD | 4800 State Highway 121  The Colony, TX 75056 | 060-0004800-003 | $1,308 | $654 |
| Colony | 97 | DirecTV | 4800 State Highway 121  The Colony, TX 75056 | 040662390 | $282 | $141 |
| Colony | 98 | ELYTUS LTD | 4800 State Highway 121  The Colony, TX 75056 | STUDIO MOVIE GRILL | $1,647 | $823 |
| Colleyville | 99 | Atmos Energy | 5655 Colleyville Blvd Ste 300  Colleyville, TX 76034 | 4004649121 | $755 | $377 |
| Colleyville | 100 | City of Colleyville | 5655 Colleyville Blvd Ste 300  Colleyville, TX 76034 | 10002399-102297 CIVIL-005655-0001-02 | $487 | $243 |
| Colleyville | 101 | DirecTV | 5655 Colleyville Blvd Ste 300  Colleyville, TX 76034 | 022014184 | $266 | $133 |
| Colleyville | 102 | ELYTUS LTD | 5655 Colleyville Blvd Ste 300  Colleyville, TX 76034 | STUDIO MOVIE GRILL | $510 | $255 |
| Colleyville | 103 | Reliant | 5655 Colleyville Blvd Ste 300  Colleyville, TX 76034 | 16 812 514-4 | $3,963 | $1,981 |
| Sunset Walk | 104 | Cima Energy | 3204 Margaritaville Blvd Kissimmee, FL 34747 | 00336018-769-8 | $743 | $371 |
| Sunset Walk | 105 | DirecTV | 3204 Margaritaville Blvd Kissimmee, FL 34747 | 034439401 | $326 | $163 |
| Sunset Walk | 106 | Duke Energy | 3204 Margaritaville Blvd Kissimmee, FL 34747 | 43386 62332 | $10,614 | $5,307 |
| Sunset Walk | 107 | TECO Peoples Gas | 3204 Margaritaville Blvd Kissimmee, FL 34747 | 221005627155 | $594 | $297 |
| Sunset Walk | 108 | TOHO Water | 3204 Margaritaville Blvd Kissimmee, FL 34747 | 002638294-033178139 | $643 | $321 |
| Sunset Walk | 109 | UNIVERSAL ENVIRONMENTAL CONSULTING, INC | 3204 Margaritaville Blvd Kissimmee, FL 34747 | MARG0030 | $1,194 | $597 |
| Lincoln Square | 110 | Atmos Energy | 452 Lincoln Square  Arlington, TX 76011 | 4017049077 | $902 | $451 |
| Lincoln Square | 111 | City of Arlington | 452 Lincoln Square  Arlington, TX 76011 | 51-0313.303 | $1,448 | $724 |
| Lincoln Square | 112 | DirecTV | 452 Lincoln Square  Arlington, TX 76011 | 032733560 | $350 | $175 |
| Lincoln Square | 113 | ELYTUS LTD | 452 Lincoln Square  Arlington, TX 76011 | STUDIO MOVIE GRILL | $737 | $368 |
| Lincoln Square | 114 | Reliant | 452 Lincoln Square  Arlington, TX 76011 | 16 828 492-5 | $6,762 | $3,381 |
| Prosperity | 115 | DirecTV | 5336 Docia Crossing Road Charlotte, NC 28269 | 044738895 | $369 | $185 |
| Prosperity | 116 | ELYTUS LTD | 5336 Docia Crossing Road Charlotte, NC 28269 | STUDIO MOVIE GRILL | $865 | $433 |
| Prosperity | 117 | Piedmont Natural Gas | 5336 Docia Crossing Road Charlotte, NC 28269 | 2004274117002 | $1,155 | $578 |
| Bakersfield | 118 | DirecTV | 2733 Calloway Drive  Bakersfield, CA 93312 | 026307303 | $287 | $144 |
| Bakersfield | 119 | ELYTUS LTD | 2733 Calloway Drive  Bakersfield, CA 93312 | STUDIO MOVIE GRILL | $1,655 | $828 |
| Bakersfield | 120 | Pacific Gas & Electric | 2733 Calloway Drive  Bakersfield, CA 93312 | 1558587408-2 | $16,608 | $8,304 |
| Bakersfield | 121 | So Cal Gas | 2733 Calloway Drive  Bakersfield, CA 93312 | 187 817 0926 8 | $1,231 | $615 |
| Seminole | 122 | Cima Energy | 7718 113th St. N.  Seminole, FL 33772 | 36939624-904-6 | $554 | $277 |
| Seminole | 123 | DirecTV | 7718 113th St. N.  Seminole, FL 33772 | 035065058 | $372 | $186 |
| Seminole | 124 | Duke Energy | 7718 113th St. N.  Seminole, FL 33772 | 67762-70061 | $12,593 | $6,296 |
| Seminole | 125 | ELYTUS LTD | 7718 113th St. N.  Seminole, FL 33772 | STUDIO MOVIE GRILL | $1,488 | $744 |
| Seminole | 126 | Pinellas County - odd | 7718 113th St. N.  Seminole, FL 33772 | 100129934665 | $1,852 | $926 |
| Seminole | 127 | TECO Peoples Gas | 7718 113th St. N.  Seminole, FL 33772 | 221000438475 | $457 | $228 |
| Marietta | 128 | Constellation | 40 Powers Ferry Road  Marietta, GA 30067 | Cust #: 7820717 | $1,500 | $750 |
| Marietta | 129 | DirecTV | 40 Powers Ferry Road  Marietta, GA 30067 | 044586568 | $362 | $181 |
| Marietta | 130 | ELYTUS LTD | 40 Powers Ferry Road  Marietta, GA 30067 | STUDIO MOVIE GRILL | $964 | $482 |
| Marietta | 131 | Marietta Power & Water | 40 Powers Ferry Road  Marietta, GA 30067 | 000499887-000082761 | $5,574 | $2,787 |
| Glendale | 132 | Glendale Water & Power | 128 Artsakh Street, Glendale, CA 91206 | 32592522-05 | $1,265 | $633 |
| Glendale | 133 | Glendale Water & Power | 128 Artsakh Street, Glendale, CA 91206 | 32592524-07 N/A | | N/A |
| Glendale | 134 | Glendale Water & Power | 128 Artsakh Street, Glendale, CA 91206 | 32592526-08 N/A | | N/A |
| Glendale | 135 | Glendale Water & Power | 128 Artsakh Street, Glendale, CA 91206 | 32592527-07 N/A | | N/A |
| Glendale | 136 | Glendale Water & Power | 128 Artsakh Street, Glendale, CA 91206 | 32592528-07 N/A | | N/A |
| Glendale | 137 | DirecTV | 128 Artsakh Street, Glendale, CA 91206 | 063099216 | $354 | $177 |
| Glendale | 138 | ELYTUS LTD | 128 Artsakh Street, Glendale, CA 91206 | STUDIO MOVIE GRILL | $2,026 | $1,013 |
| Glendale | 139 | So Cal Gas  128 | 128 Artsakh Street, Glendale, CA 91206 | 157 419 6466 0 | $324 | $162 |
| Glendale | 140 | So Cal Gas  130 | 128 Artsakh Street, Glendale, CA 91206 | 159 519 6439 2 N/A | | N/A |
| Chisolm Trail | 141 | City of Fort Worth | 5413 Sierra Springs Lane Fort Worth, TX 76123 | 1657477-688854 | $370 | $185 |
| Chisolm Trail | 142 | DirecTV | 5413 Sierra Springs Lane Fort Worth, TX 76123 | 069485302 | $278 | $139 |
| Chisolm Trail | 143 | ELYTUS LTD | 5413 Sierra Springs Lane Fort Worth, TX 76123 | STUDIO MOVIE GRILL | $346 | $173 |

Studio Movie Grill Adequate Assurance

| Location | # | Utility Provider | Service Address | Account Number | Average Bill | Adequate Assurance |
|---|---|---|---|---|---|---|
| Chisolm Trail | 144 | ELYTUS LTD | 5413 Sierra Springs Lane Fort Worth, TX 76123 | | $400 | $200 |
| Chisolm Trail | 145 | Reliant | 5413 Sierra Springs Lane Fort Worth, TX 76123 | 16 683 014-1 | $6,500 | $3,250 |
| Chisolm Trail | 146 | Atmos Energy | 5413 Sierra Springs Lane Fort Worth, TX 76123 | 4038572499 | $789 | $395 |
| Northpoint | 147 | Fulton County Finance Dept | 7660 North Point Pkwy Alpharetta, GA 30022 | 00050095 | $310 | $155 |
| Northpoint | 148 | Georgia Power | 7660 North Point Pkwy Alpharetta, GA 30022 | 38047-81032 | $6,595 | $3,298 |
| Downey | 149 | City of Downey - even | 8200 3rd Street Downey, CA 90241 | 2312-355-002 | $385 | $192 |
| Downey | 150 | City of Downey - even | 8200 3rd Street Downey, CA 90241 | 2312-358-003 N/A | | N/A |
| Downey | 151 | City of Downey - even | 8200 3rd Street Downey, CA 90241 | 2814-655-002 N/A | | N/A |
| Downey | 152 | DirecTV | 8200 3rd Street Downey, CA 90241 | 050089698 | $202 | $101 |
| Downey | 153 | ELYTUS LTD | 8200 3rd Street Downey, CA 90241 | STUDIO MOVIE GRILL | $877 | $438 |
| Downey | 154 | So Cal Gas | 8200 3rd Street Downey, CA 90241 | 077 564 0550 7 | $1,081 | $540 |
| Downey | 155 | Southern California Edison | 8200 3rd Street Downey, CA 90241 | 2-40-054-4201 | $17,637 | $8,818 |
| Monrovia | 156 | City of Monrovia | 410 S. Myrtle Avenue Monrovia, CA 91016 | 386012 | $664 | $332 |
| Monrovia | 157 | DirecTV | 410 S. Myrtle Avenue Monrovia, CA 91016 | 081926598 | $158 | $79 |
| Monrovia | 158 | ELYTUS LTD | 410 S. Myrtle Avenue Monrovia, CA 91016 | STUDIO MOVIE GRILL | $1,247 | $624 |
| Monrovia | 159 | So Cal Gas | 410 S. Myrtle Avenue Monrovia, CA 91016 | 077 393 9338 2 | $793 | $396 |
| Monrovia | 160 | Southern California Edison | 410 S. Myrtle Avenue Monrovia, CA 91016 | 2-40-054-4664 | $16,018 | $8,009 |
| Redlands | 161 | City of Redlands | 340 N. Eureka Street Redlands, CA 92374 | 25-0061.301 | $4,323 | $2,162 |
| Redlands | 162 | City of Redlands | 340 N. Eureka Street Redlands, CA 92374 | 25-0065.301 N/A | | N/A |
| Redlands | 163 | DirecTV | 340 N. Eureka Street Redlands, CA 92374 | 009941488 | $147 | $73 |
| Redlands | 164 | ELYTUS LTD | 340 N. Eureka Street Redlands, CA 92374 | STUDIO MOVIE GRILL | $202 | $101 |
| Redlands | 165 | So Cal Gas | 340 N. Eureka Street Redlands, CA 92374 | 129 768 2561 7 | $667 | $334 |
| Redlands | 166 | Southern California Edison | 340 N. Eureka Street Redlands, CA 92374 | 2-40-054-4607 | $18,870 | $9,435 |
| Studio Movie Grill Holdings LLC | 167 | Zayo | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 19695 | $65,370 | $32,685 |
| Studio Movie Grill Holdings LLC | 168 | Lantana Communications | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | STU000 | $4,200 | $2,100 |
| Studio Movie Grill Holdings LLC | 169 | GC Pivotal LLC (GTT) | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 37138984 | $10,040 | $5,020 |
| Studio Movie Grill Holdings LLC | 170 | Granite Telecommunications | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 03378472 | $1,952 | $976 |
| Movie Grill Concepts Trademark Holdings, LLC | 171 | DirecTV | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 071441198 | $159 | $79 |
| Movie Grill Concepts Trademark Holdings, LLC | 172 | ELYTUS LTD | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | STUDIO MOVIE GRILL | $1,058 | $529 |
| Movie Grill Concepts Trademark Holdings, LLC | 173 | Verizon | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 642051129-00001 | $1,232 | $616 |
| Movie Grill Concepts Trademark Holdings, LLC | 174 | Century Link | 12404 Park Central Drive, Suite 400N, Dallas, TX 75251 | 331557 | $1,050 | $525 |
| Total | | | | | $455,379 | $227,689 |

NOTE:

Elytus is 3rd party administrator that consolidates all the waste bills. SMG pays Elytus directly and not the waste companies

Doesn't include locations assumed to be rejected in first day motion

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,1 | § | |
| DEBTOR. | § | Joint Administration Requested |

---

1    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

---

ORDER GRANTING MOTION FOR INTERIM AND FINAL                                   Page 1 of 6
ORDERS REGARDING UTILITY SERVICES

EXHIBIT
B

**ORDER GRANTING MOTION FOR INTERIUM AND FINAL
ORDER PROVIDING ADEQUATE ASSURANCE OF UTILITY PAYMENTS**

Came on to be considered the Debtors' *Emergency Motion for Interim and Final Order Providing Adequate Assurance of Utility Payments* (the "Motion") (the "Motion"[2]). Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby

**ORDERED** that:

1.  The Motion is granted;

2.  The Utility Providers are prohibited from altering, refusing or discontinuing service, or discriminating against the Debtor, on account of any unpaid pre-petition charges, or requiring additional adequate assurance of payment other than as set forth in the Adequate Assurance Procedures, as follows;

3.  Any Utility Provider desiring an Adequate Assurance Deposit must serve a request ("**Adequate Assurance Request**") so that it is received by the Debtors at the following addresses within 15 days of entry of the Interim Order:

    (a)  Law Offices of Frank J. Wright

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

2323 Ross Avenue, Suite 730
Dallas, Texas 75201

(b)  William K. Snyder
CR3 Partners LLC
13355 Noel Road, Suite 2005
Dallas, Texas 75240

(c)  William L. Wallander
Brad Foxman
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201

(d)  Michael C. Schneidereit
Nicholas J. Morin
Jones Day
250 Vesey Street
New York, NY 10281

4.  Any Adequate Assurance Request must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposit; and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment;

5.  Upon the Debtor's receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) 14 days from the receipt of such Adequate Assurance Request; or (ii) 30 days from the Debtor's respective Petition Date (collectively, "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment;

6.  The Debtor may, in its discretion (with the consent of the DIP Agent (as defined in the DIP Order), resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable;

7.     If the Debtor determines that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, may request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider ("**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code;

8.     Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for pre-petition service or on account of any objections to the Proposed Adequate Assurance;

9.     Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures ("**Procedure Objection**") so that it is actually received within 20 days of entry of the Interim Order by the Debtor at the following address:

    (a)  Law Offices of Frank J. Wright
        2323 Ross Avenue, Suite 730
        Dallas, Texas 75201

    (b)  William K. Snyder
        CR3 Partners LLC
        13355 Noel Road, Suite 2005
        Dallas, Texas 75240

    (c)  William L. Wallander
        Brad Foxman
        Vinson & Elkins, LLP
        2001 Ross Avenue, Suite 3900
        Dallas, Texas 75201

    (d)  Michael C. Schneidereit
        Nicholas J. Morin
        Jones Day
        250 Vesey Street
        New York, NY 10281

10.    Any Procedure Objection must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment;

and (v) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures;

11. The Debtor may, in its discretion (with the consent of the DIP Agent (as defined in the DIP Order), resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable;

12. If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard at the Final Hearing;

13. All Utility Providers who do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures;

14. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order approved by the Court in effect as of the time such payment is to be made (together with any approved budgets in connection therewith, the "DIP Order"), and such payments shall be subject to the terms, conditions, limitations, and requirements of the DIP Order in all respects. Any Agent Consent (as defined in the DIP Order) or other consent or approval of the DIP Agent given or requested in respect of any matters relating to this Order shall require approval of the Requisite Lenders (as defined in the DIP Order);

15. Notwithstanding anything else in this Order to the contrary, any payments authorized to be made by this Order shall be subject to the terms, conditions, limitations, and restrictions set forth in that certain *Order Granting Debtors' Emergency Motion Pursuant to Sections 105, 345, 364, 363, 503, 1107 and 1108, Authorizing (i) Maintenance of Existing Bank Accounts; (ii) Continuance of Existing Cash Management System, Bank Accounts and Checks and Related Forms; (iii) Continued Performance of Intercompany Transactions; (iv) Limited Waiver of Section 345(b) Deposit and Investment Requirements; and (v) Granting Related Relief;*

16.   The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

17.   The Debtor shall serve a copy of this Order on each Utility Provider listed on **Exhibit "A"** to the Motion within 2 business days of the date that this Order is entered, and shall similarly serve this Order on each Utility Provider subsequently added by the Debtor to the Utilities List;

18.   Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof; and

19.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED**.

### # # # End of Order # # #

SUBMITTED BY:

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**