Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

PROPOSED COUNSEL TO DEBTOR
STUDIO MOVIE GRILL HOLDINGS, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-32633-11 |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,[1] | § | |
| DEBTOR. | § | Joint Administration Requested |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

**DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE TO ADMINISTER ALL INSURANCE POLICIES AND RELATED AGREEMENTS; AND (II) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF**

Studio Movie Grill Holdings, LLC and its debtor affiliates (the "Debtors" or "SMG"), by and through their proposed undersigned counsel, file this *Emergency Motion for Authorization to (I) Continue to Administer All Insurance Policies and Related Agreements; and (II) Honor Certain Obligations in Respect Thereof* (the "Motion"), seeking the entry of an order authorizing and enabling the Debtors' to continue administration of existing insurance policies and related agreements and obligations. In support of this Motion, the Debtors would respectfully show the Court as follows:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief requested herein are Sections 365(a) and 554(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE (the "Bankruptcy Rules").

**II.
BACKGROUND**

2. On October 23, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. SMG is engaged in the dine-in movie theater business. In addition to its movie offerings, SMG's theaters include a bar and lounge area, with direct to seat service for guests before and during their movies. Specifically, SMG operates 33 movies theaters in 10 states, including Arizona, California, Florida, Georgia, Illinois, Indiana North Carolina, Pennsylvania, Texas, and Virginia. All theaters operate under the brand name "Studio Movie Grill."

5. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of William Snyder, CRO of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motion (the "Snyder Declaration")*, which was filed on the Petition Date and is incorporated by reference in this Motion.

## IV.
## SUMMARY OF INSURANCE POLICIES

6. In the ordinary course of their business, the Debtors maintain approximately fifteen (15) insurance policies (collectively, the "Insurance Policies" and each individually an "Insurance Policy") that are administered by various third-party insurance carriers, including Liberty Mutual, C N A, Chubb, Travelers, Lloyds of London, Starstone, Endurance, and Voyager (collectively, the "Insurance Carriers" and each individually an "Insurance Carrier"). The Insurance Policies provide necessary coverage for, among other things, the Debtors' property, general liability, D& O liability, workers compensation, and umbrella coverage. The Insurance Policies are essential to the ongoing operation of the Debtors' business. The Debtors' annual aggregate premium payments for the Insurance Policies are approximately $1,883,391.00.

7. A list of the Debtors' active Insurance Policies, with insurance company name, coverage type, policy number, estimated annual premium, and policy term dates is attached as **Exhibit "A"**. These Insurance Policies provide coverage for the Debtors as well as non-debtor affiliates. The Insurance Policies are renewed annually in July. Swingle Collins & Associates is the

insurance broker for the Debtors' and it collects certain fees associated with each policies purchased.

8. The Debtors' have further entered into a <u>Premium Finance Agreements</u> with the IPFS Corporation, therein financing their (i) two excess D&O policies; (ii) earthquake policy; (iii) flood policy; and (iv) property policy. The Debtors' are paying IPFS Corporation over a period a ten (10) months, which began on November 1, 2020. Such premiums are financed at the annual percentage rate of 5.184%, which results in total finance charges payable to IPFS Corporation of $6,911.12. The Debtors' seek authority, but not direction, to continue payment of their insurance premiums under their agreement with IPFS Corporation. The Debtors' submit that maintenance of such agreement is necessary to its continued operations, a fair market rate, and materially beneficial to the Debtors' estates.

9. The Insurance Policies are essential to the preservation of the Debtors' business. In the Debtors' business judgment any interruption of payments would adversely affect the Debtors' ability to future policies on similarly favorable terms.

## IV.
## RELIEF REQUESTED & BASIS FOR RELIEF

10. The Debtors seek authority, in their sound business judgment, to (i) continue to administer all of their Insurance Policies, as referenced herein and (ii) continue to pay certain premiums, financed premiums, interest, deductibles, and related fees to the extent they may become due and payable according to the terms of the Insurance Policies. The Debtors further request authority to pay all such amounts in the ordinary course of business. For the reasons set forth below, the Debtors believe that the relief requested is necessary and appropriate under the circumstances.

11. Section 105(a) of the Bankruptcy Code provides, in relevant part, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. Section 363(c) of the Bankruptcy Code provides, in relevant part:

> If the business of the Debtor is authorized to be operated under section ... 1108 ... of this title [title 11] and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

13. Maintenance of the Insurance Policies is essential for the Debtors. If these Insurance Policies were to lapse, the Debtors would be exposed to substantial potential liability for harm to persons or property of the Debtors, their non-debtor affiliates, and others. Moreover, the U.S. Trustee's Guidelines mandate maintenance of adequate insurance on the Debtors.

14. For such reasons stated herein, the maintenance of the Insurance Policies and the payment of all premiums and amounts and continuance of various administration programs serve the best interest of the Debtors' estates and satisfies the particular compliance by the U.S. Trustee's Guidelines, Section VII (*Insurance Requirements*), and federal and/or state law as a condition of operations. Therefore, the Debtors assert that this Court should approve the relief requested in this Motion. Similar relief has been granted in other Chapter 11 cases in this District. *See, e.g., In re HearUSA, Inc.*, No. 11-23341-EPK (Bankr. S.D. Fla. May 20, 2011); *In re Gulfstream International Group, Inc., et al.*, No. 10-44131-JKO (Bankr. S.D. Fla. November 8, 2010); *In re Medical Staffing Network Holdings, Inc., et al.*, No. 10-29101- EPK (Bankr. S.D. Fla. July 7, 2010); *In re DM Industries, Ltd.*, No. 09-15533-LMI (Bankr. S.D. Fla. April 10, 2009); *In re Gemini Cargo Logistics, Inc.*, No. 08-18173-AJC (Bankr. S.D. Fla. June 20, 2008).

15. To the extent that any of the Insurance Policies may be deemed executory contracts, the Debtors do not at this time seek authority to assume those contracts. The Debtors only request authorizations as set forth herein, as may be necessary to keep the Insurance Policies in force.

A. **The Requirements of Bankruptcy Rule 6003 are Satisfied**

16. Bankruptcy Rule 6003 empowers a court to grant debtors relief within the first

twenty-one (21) days following the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors assert that the relief requested herein is central to the Debtors' ability to transition their operations into these Chapter 11 Cases. Lack of such authorization – or other similar relief sought by the Debtors – during the first twenty-one (21) days of these Chapter 11 Cases would result in a severe disruption to the Debtors' ability to operate at this critical juncture. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (finding that "immediate and irreparable harm" exists where loss of the business threatens ability to reorganize).

17. For all reasons set forth herein, the relief requested is necessary and proper in order for continued operation of the Debtors' business in the ordinary course, preserve the going concern value of the Debtors' operations, and ultimately maximize the value of the Debtors' estates. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard set out in Bankruptcy Rule 6003 to support the granting of the relief sought herein.

**B.  Request for Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

18. Given the nature of the relief requested, the Debtors respectfully request a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a); and (ii) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable hereto.

**C.  Reservation of Rights**

19. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code Section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## V. NOTICE

20. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Agent[2]; (vi) counsel for any official committees appointed by this Court; (vii) the consolidated list of the 30 largest unsecured creditors of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of **Exhibit "B"** hereto (i) granting the relief requested in this Motion (a) authorizing the Debtors to continue administering existing insurance policies and agreements relating thereto; and (b) paying certain premiums, deductibles, and related fees, in the Debtors' discretion, to the extent they become due and payable during the pendency of these Chapter 11 Cases; and (ii) granting such other relief as the Court deems just and proper.

DATED: October 23, 2020          Respectfully submitted,

                                                **LAW OFFICES OF FRANK J. WRIGHT, PLLC**

                                                By: _____
                                                        Frank J. Wright
                                                        Texas Bar No. 22028800
                                                        Jeffery M. Veteto
                                                        Texas Bar No. 24098548
                                                        Jay A. Ferguson

---

[2] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [*Senior Secured Superpriority Debtor-in-Possession Financing Amendment* dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

Texas Bar No. 24094648

2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100
**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 24, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

/s/ *Frank J. Wright*
Frank J. Wright

| | Issued Carrier | Policy Term Dates | Billed By | Premium | Down Payment | # of Installments | Installment |
|---|---|---|---|---|---|---|---|
| Property incl Leased & Rented Equipment | Liberty Mutual | 07/01/2020 to 07/01/2021 | Direct Bill - Liberty Mutual | $ 350,077.00 | $ 87,555 | 3 | $ 87,507 |
| Liability | C N A | 07/01/2020 to 07/01/2021 | Direct Bill - C N A | $ 490,210.00 | $ 49,021.00 | 9 | $ 49,021.00 |
| Auto | C N A | 07/01/2020 to 07/01/2021 | Direct Bill - C N A | $ 5,681.00 | $ 568.10 | 9 | $ 568.10 |
| Workers Compensation | C N A | 07/01/2020 to 07/01/2021 | Direct Bill - C N A | $ 466,548.00 | $ 46,654.80 | 9 | $ 46,654.80 |
| Crime | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | | | | |
| Directors & Officers Liability | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | | | | |
| Fiduciary Liability | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | $ 58,287.00 | $ 14,746.61 | 9 | $ 4,837.82 |
| Employment Practices Liability | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | | | | |
| Cyber | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | $ 30,007.00 | $ 7,591.77 | 9 | $ 2,490.58 |
| $5M Excess Liability - 2nd Layer | Chubb | 07/01/2020 to 07/01/2021 | Direct Bill - Chubb | $ 33,990.00 | $ 8,599.47 | 9 | $ 2,821.17 |
| $5M Excess Liability - 1st Layer | Travelers | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 186,684.75 | $ 39,252.00 | 10 | $ 16,067.50 |
| $10 M Excess Liability - 3rd Layer | C N A Specialty | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 30,650.00 | $ 30,650.00 | N/A | |
| Earthquake - $10M Layer | Lloyds of London | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 95,609.50 | $ 19,121.90 | 10 | $ 7,841.62 |
| Earthquake - $10M Layer | QBE | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 35,724.50 | $ 35,724.50 | N/A | |
| Excess D&O - $2M | Starstone | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 16,117.51 | $ 3,223.50 | 10 | $ 1,319.52 |
| Excess D&O - $1M | Endurance | 07/01/2020 to 07/01/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 10,350.00 | $ 2,070.00 | 10 | $ 847.34 |
| Flood - Selected Location | Voyager | 8/8/2020 to 7/1/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $ 33,705.64 | $ 7,412.31 | 9 | $ 2,984.95 |
| Flood - Pearland | Lloyd's of London | 10/16/2020 to 10/16/2021 | Agency Bill - Down Payment to Swingle Collins & Installments 3rd Party Financed | $39,750.00 | $11,991.40 | 7 | $4,384.23 |
| Total | | | | $ 1,883,391.90 | $ 364,182.36 | | $ 227,345.95 |


EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,1 | § | |
| DEBTOR. | § | Joint Administration Requested |

---

1   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

EXHIBIT "B"

## ORDER GRANTING MOTION FOR AUTHORIZATION TO (I) CONTINUE TO ADMINISTER ALL INSURANCE POLICIES AND RELATED AGREEMENTS; AND (II) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF

Came on to be considered the Debtors' *Emergency Motion for Authorization to (I) Continue to Administer All Insurance Policies and Related Agreements; and (II) Honor Certain Obligations in Respect Thereof* (the "Motion"2). By that Motion, the above-captioned Debtor requested the entry of an order authorizing the Debtors to (i) continue to administer all insurance policies and related agreements; (ii) continue certain related premium financing agreements; and (iii) honor certain obligations in respect thereof, all as more fully set forth in the Motion. Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby

ORDERED that:

1. The Motion is granted;

2. The Debtors may, in their reasonable business judgment, continue to administer all of the Insurance Policies, as described in **Exhibit "A"** to the

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

       Motion, in the ordinary course of their business, including to continue to pay certain premiums, deductibles, related fees to the broker and insurance finance premiums set forth therein to the extent they may become due and payable according to the terms of the Insurance Policies or other related agreements.

3. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim or lien against the Debtor; (ii) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds; (iii) a promise or requirement to pay any pre-petition claim; (iv) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order; (v) a request or authorization to assume any pre-petition agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order approved by the Court in effect as of the time such payment is to be made (together with any approved budgets in connection therewith, the "DIP Order"), and such payments shall be subject to the terms, conditions, limitations, and requirements of the DIP Order in all respects. Any Agent Consent (as defined in the DIP Order) or other consent or approval of the DIP Agent given or requested in respect of any matters relating to this Order shall require approval of the Requisite Lenders (as defined in the DIP Order);

5. Notwithstanding anything else in this Order to the contrary, any payments authorized to be made by this Order shall be subject to the terms, conditions, limitations, and restrictions set forth in that certain *Order Granting Debtors' Emergency Motion Pursuant to Sections 105, 345, 364, 363, 503, 1107 and 1108, Authorizing (i) Maintenance of Existing Bank Accounts; (ii) Continuance of Existing Cash Management System, Bank Accounts and Checks and Related Forms; (iii) Continued Performance of Intercompany Transactions; (iv) Limited Waiver of Section 345(b) Deposit and Investment Requirements; and (v) Granting Related Relief*;

6. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtor of any of its obligations under the Insurance Policies.

7. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule

6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**IT IS SO ORDERED.**

# # # End of Order # # #

SUBMITTED BY:

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**