Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTOR**
**STUDIO MOVIE GRILL HOLDINGS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.,*[1] | § | |
| DEBTOR. | § | Joint Administration Requested |

### DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER UNDER

[1]   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

## SECTION 365 AND 554 OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED COMMERCIAL REAL PROPERTY LEASES EFFECTIVE AS OF OCTOBER 23, 2020; AND (II) GRANTING RELATED RELIEF

Studio Movie Grill Holdings, LLC and its debtor affiliates (the "Debtors" or "SMG"), by and through their proposed undersigned counsel, file this *Expedited Motion for Entry of an Order Under Section 365 and 554 of the Bankruptcy Code (I) Authorizing the Debtors to Reject Certain Unexpired Commercial Real Property Leases Effective as of October 23, 2020; and (II) Granting Related Relief* (the "Motion"), seeking the entry of an order approving the rejection, as of the date of this Motion, of the seven (7) leases described below. In support of this Motion, the Debtors would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief requested herein are Sections 365(a) and 554(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE (the "Bankruptcy Rules").

## II.
## BACKGROUND

2.     On October 23, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4.      SMG is engaged in the dine-in movie theater business. In addition to its movie offerings, SMG's theaters include a bar and lounge area, with direct to seat service for guests before and during their movies. Specifically, SMG operates 33 movies theaters in 10 states, including Arizona, California, Florida, Georgia, Illinois, North Carolina, Pennsylvania, Texas, Indiana, and Virginia. All theaters operate under the brand name "Studio Movie Grill."

5.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of William Snyder, CRO of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motion* (the "Snyder Declaration"), which was filed on the Petition Date and is incorporated by reference in this Motion.

## III.
## THE COMMERCIAL LEASES

6.      The Debtors seek to preserve the maximum extent of their movie theater business through their Chapter 11 Cases. The Debtors intend to efficiently use the "breathing spell" afforded to them in Chapter 11 to navigate the ongoing national pandemic, negotiate with landlords, and pursue the optimum path to provide value for all constituents involved.

7.      As part of this strategy, the Debtors have initially identified certain theater locations that are posed to be ongoing economic burdens and, as a result, will likely impede a successful reorganization. Based on this analysis, the Debtors seek to reject seven (7) leases as of the filing of this Motion, each of which are described below.

A.      **The Lewisville Lease**

8.      The "Lewisville Lease" concerns a lease of real property located at 1600 S.

Stemmons Freeway, Lewisville, Texas 75067.

9.      The Lewisville Lease was executed on or about April 15, 2007 between Debtor Movie Grill Concepts VII, LLC and Store Master Funding III, LLC. Brian Schultz, Chief Executive Officer, is the Guarantor of the Lewisville Lease.

10.     As of the Petition Date, the movie theater location operating under the Lewisville Lease was closed.

**B.      The Charlotte Lease**

11.     The "Charlotte Lease" concerns a lease of real property located at 210 E. Trade Street, Suite D-290, Charlotte, North Carolina 28202.

12.     The Charlotte Lease was executed on or about December 28, 2012 between Debtor Movie Grill Concepts XV, LLC and Epicentre SPE (Charlotte), LLC, a Delaware limited liability company.

13.     As of the Petition Date, the movie theater location operating under the Charlotte Lease was closed.

**C.      The Chatham Lease**

14.     The "Chatham Lease" concerns a lease of real property consisting of a 65,186 square foot, 14 auditorium movie theater located at 210 W. 87th Street, Chicago, Illinois 60620.

15.     The Chatham Lease was executed on or about December 13, 2013 between Debtor Movie Grill Concepts XXVI, LLC and 210 W. 87th (Chicago) THC, L.L.C., an Illinois limited liability company. Debtor Studio Movie Grill Holdings, LLC is a Guarantor of the Chatham Lease.

16.     Effective as of September 18, 2019, 210 W. 87th (Chicago) THC, L.L.C. sold the leased property to Bwana Theater Partners, LLC, a Delaware limited liability company, who assumed the prior landlords right and obligations under the Chatham Lease.

17.     As of the Petition Date, the movie theater location operating under the Chatham Lease was closed.

**D.    The Hampton Lease**

18.    The "Hampton Lease" concerns a lease of real property consisting of a 49,500 square foot, 8 auditorium movie theater located at 4401 Claiborne Square, Hampton, Virginia, 23666.

19.    The Hampton Lease was originally executed on or about October 29, 2009 between Peninsula Town Center, LLC, as landlord, and Cobb Theatres IV, LLC, as tenant. Pursuant to an Assignment of Lease and an Amended and Restated Lease Agreement executed on or about January 12, 2019, Debtor Movie Grill Concepts XLV, LLC, became the tenant. The current landlord is Peninsula Main VA, LLC, a Texas limited liability company.

20.    As of the Petition Date, the movie theater location operating under the Hampton Lease was closed.

**E.    The Aliana Lease**

21.    The "Aliana Lease" concerns the undeveloped raw land in Richmond, Texas

22.    The Aliana Lease was executed between Debtor Movie Grill Concepts XXXIV, LLC and TNTF, LLC.

23.    As of the Petition Date, the movie theater location related to the Aliana Lease was still under development.

**F.    The Falls Church Lease**

24.    The "Falls Church Lease" concerns a lease of real property consisting of an under development 31,524 square foot, 6-8 auditorium movie theater located at the corner of Broad Street and West Street, Falls Church Virginia.

25.    The Falls Church Lease was executed on or about August 30, 2018 between Debtor Movie Grill Concepts XLII, LLC and Mason Row Apartments, LLC.

26.    As of the Petition Date, the movie theater location related to the Falls Church Lease was still under development.

**G.    The Willow Grove Lease**

27.    The "<u>Willow Grove Lease</u>" concerns a lease of real property located at 2500 W. Moreland Road, Willow Grove, Pennsylvania 19090.

28.    The Willow Grove Lease was executed on or about July 31, 2018 between Debtor Movie Grill Concepts XLIII, LLC and WG Park-Anchor B Limited Partnership.

29.    As of the Petition Date, the movie theater location related to the Willow Grove Lease was still under development.

**H.    The Citrus Heights Lease**

30.    The "<u>Citrus Heights Lease</u>" concerns a lease of real property consisting of an under development movie theater to be located in a former K-Mart located at 8501 Auburn Boulevard, Citrus Heights, California 95610.

31.    The Citrus Heights Lease was originally executed to be effective on June 27, 2018, between Debtor Movie Grill Concepts XXXIX, LLC and TNTF, LLC.

32.    As of the Petition Date, the movie theater location related to the Citrus Heights Lease was still under development.

## IV.
## RELIEF REQUESTED & BASIS FOR RELIEF

33.    On this Motion, the Debtors request the entry of an order substantially in the form attached hereto as **Exhibit "A"** that authorizes the Debtors to reject the commercial real property leases identified in Section III hereinabove (the "<u>Leases</u>") and authorizes, but does not direct, the Debtors to remove or abandon the personal property of the Debtors, including without limitation equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, the premises that are subject to the Leases.

34.    Within their business judgment, the Debtors have determined that the requested relief is the best course of action because the Leases are unnecessary to the administration of the

Chapter 11 Cases and their continuation would be burdensome to their estates.

## A. The Court Should Authorize Rejection of the Leases

35. Bankruptcy Code Section 365(a) provides, in pertinent part that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The general concept of rejection under Section 365 is that debtors may relieve themselves – and their bankruptcy estates – from burdensome, unprofitable contracts and leases for the purpose of preserving and maximizing the remaining value of the bankruptcy estate. *See Stewart Title Gaur. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that Bankruptcy Code § 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). Bankruptcy Courts apply the business judgment standard to determine whether to approve a lease or contract rejection. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Inst. Inv. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

36. The Debtors have determined, through an exercise of their sound business judgment, that rejecting the Leases is in the best interest of the Debtors' estates and their creditors. This act of lease rejection is a key component of the Debtors' efforts to maximize value and reorganize their businesses. None of the rejected locations are necessary to the continued operation of the Debtors' business; each is already closed or the location is still under development and has never opened. Rejection of the Leases will prevent an economic drain on the Debtors' limited financial resources.

37. Moreover, in the opinion of the Debtors the Leases have no capturable value through assumption and assignment to a third-party. The leased premises are large footprint

commercial spaces that are improved, or being improved, for use as movie theaters. Such leased premises cannot be readily converted to other commercially viable uses. Likewise, there is little current market for any assignment as nearly all major movie theater chains are shut down, shutting down, and/or pursuing bankruptcy themselves. Therefore, the Leases do not warrant their continued carrying costs.

38. Unless rejected, each Lease might be able to accrue its monthly rent as administrative expenses. Without profits to offset or exceed such continued lease performance, the rejection is necessary to avoid this accrual of these administrative expenses. Rejection of the Leases as of the date of this Motion is a sound business decision and within due exercise of the Debtors' business judgment. As such, the Debtors assert that rejection of the Leases is in the best interests of creditors, the Debtors' estates, and all constituents herein involved.

39. The Debtors request that the effective date of the rejection of the Leases be applied retroactively to the date of this Motion. Substantial authority exists in support of rejection to the latter of the date the rejection motion is filed or the date the leased location is vacated. *See In re Cafeteria Operators, L.P.*, 299 B.R. 384 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of the date the motion to reject was filed or the date the leased space was vacated); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) ("nothing precludes a bankruptcy court, based on the equities of the case, from approving the trustee's rejection of a non-residential real property lease retroactively to an earlier date."); *see also In re At Home Corp.*, 392 F.3d 1064, 1071 (9th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (holding that a bankruptcy court, in exercising its equitable powers, may approve the retroactive rejection of a nonresidential real property lease; lease was rejected retroactively to date motion was filed where debtor never had possession of leased premises); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (acknowledging that a bankruptcy court "has the equitable power, in suitable cases, to

order a rejection to operate retroactively"); *In re CCI Wireless, LLC*, 279 B.R. 590, 595 (Bankr. D. Colo. 2002), *aff'd*, 297 B.R. 133 (D. Colo. 2003) (holding that retroactive rejection may be allowed when principles of equity so dictate and establishing the rejection effective as of the filing of the motion to reject). A bankruptcy court may however also exercise its equitable authority to approve retroactive rejection to the filing date of the motion. *See Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070–71 (9th Cir.2004) ("[A] bankruptcy court, in exercising its equitable powers under 11 U.S.C. § 105(a), may approve the retroactive rejection of a nonresidential lease when 'necessary or appropriate to carry out the provisions of' § 365(d)."); *Thinking Machines Corp. v. Mellon Financial Services Corp. # 1 (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir.1995) ("[A] bankruptcy court, when principles of equity so dictate, may approve a rejection of a nonresidential lease pursuant to section 365(a) retroactive to the motion filing date."); *Stonebriar Mall Ltd. Partnership v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 138 (D.Colo.2003); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr.N.D.Tex.1996); *Constant Ltd. Partnership v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33 (S.D.N.Y.1995).

**B.    The Court Should Authorize, But not Direct, Abandonment of Personal Property**

40.    Bankruptcy Code § 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Abandonment is appropriate where either (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986).

41.    While the Debtors' have not made final determination of what personal property will be abandoned in connection with rejection of the Leases, the Debtors' state that such would primarily consist of fixture, furniture, advertising displays, and other office and store equipment that is either (i) of minimal to no value to the Debtors' estates or; (ii) not economically feasible to remove

and store. The Debtors' seek to avoid the necessity of removing any personal property from the rejected leased premises that is unlikely to result in net proceeds or benefit to the Debtors' estates. All personal property abandoned in connection with rejection of the leases is subject to the prior written consent of the DIP Agent[2] and the Requisite Lenders (as defined in the DIP Order[3]).

42. This Court and other courts in this district have granted relief similar to the relief sought herein. *See, e.g., In re TPP Acquisition, Inc. d/b/a The Picture People, No.* 16-33437 (HDH) (Bankr. N.D. Tex. Sept. 23, 2016); *In re Forest Park Med. Ctr. at Southlake, LLC,* Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Mar. 25, 2017); *In re Centennial Beverage Grp., LLC,* Case No. 12-37901 (BJH) (Bankr. N.D. Tex. Jan. 18, 2013).

43. For such reasons, the Debtors respectfully request that this Court authorize the rejection of the Leases and the abandonment of any property left of the leased premises thereafter, as a sound exercise of the Debtors' business judgment. Again, this rejection is necessary, prudent, and in the best interests of the Debtors', the estates, and the creditors.

## V.
## NOTICE

44. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Agent; (vi) counsel for any official committees appointed by this Court; (vii) the consolidated list of the 30 largest unsecured creditors of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the

---

[2] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [*Senior Secured Superpriority Debtor-in-Possession Financing Amendment* dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

[3] "DIP Order" means, collectively, the interim and final order approving the Debtors' postpetition debtor-in-possession financing facility.

circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order (a) granting the Motion; and (b) awarding the Debtors such other and further relief as this Court may deem just and proper.

DATED: October 23, 2020                    Respectfully submitted,


**LAW OFFICES OF FRANK J. WRIGHT, PLLC**


By:    */s/ Frank J. Wright*
        Frank J. Wright
        Texas Bar No. 22028800
        Jeffery M. Veteto
        Texas Bar No. 24098548
        Jay A. Ferguson
        Texas Bar No. 24094648

2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone:    (214) 935-9100
Emails:          frank@fjwright.law
              jeff@fjwright.law
              jay@fjwright.law

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 24, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

*/s/ Frank J. Wright*
Frank J. Wright

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.,*[1] | § | |
| DEBTOR. | § | Joint Administration Requested |

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

---

## ORDER GRANTING EXPEDITED MOTION FOR ORDER UNDER SECTION 365 AND 554 OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED COMMERCIAL REAL PROPERTY LEASES EFFECTIVE AS OF OCTOBER 23, 2020; AND (II) GRANTING RELATED RELIEF

Came on to be considered the Debtors' *Expedited Motion for Entry of an Order Under Section 365 and 554 of the Bankruptcy Code (I) Authorizing the Debtors to Reject Certain Unexpired Commercial Real Property Leases Effective as of October 23, 2020; and (II) Granting Related Relief* (the "Motion"[2]). Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby

**ORDERED** that:

1.      The Motion is granted;

2.      Pursuant to Bankruptcy Code § 365, the leases identified in the Motion (collectively, the "Leases") shall be deemed rejected effective as of the October 23, 2020 without further order of the Court and without the need for further action by the Debtors or any other party;

---

[2]      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

3.    Subject to the prior written consent of the DIP Agent and the Requisite Lenders (as defined in the DIP Order[3]), pursuant to Bankruptcy Code § 554, any property remaining on the premises of the Leases after surrender shall be deemed abandoned as of October 23, 2020, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, the premises that are the subject of the Leases (the "Abandoned Property");

4.    Nothing in this Order authorizes the Debtors to abandon personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number (the "PII") of any employee or any customer. Nothing in this Order relieves the Debtors' of their obligation to comply with state or federal privacy and/or identity theft prevention laws and rules with respect to PII;

5.    Prior to any abandonment of any personal property, the Debtors shall remove or cause to be removed any confidential and/or PII in any of the Debtors' hardware, software, computers, cash registers, or similar equipment which are to be abandoned or otherwise disposed of so as to render the PII unreadable or undecipherable;

6.    Notwithstanding any other provision of this Order, (A) the Debtors may not abandon, and are directed to remove, any personal property that is not property of the Debtors or property of the landlord of the location at which such personal property is abandoned, and (B) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law;

7.    The landlords may, in their sole discretion, subject to the prior written consent of the DIP Agent, and without further notice or order of this Court, utilize and/or dispose of any Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition;

8.    Any claims arising as a result of abandonment of personal property in connection with rejection of the Leases, including but not limited to claims by landlords related to the removal of abandoned property, shall be junior in priority to any superpriority administrative claims granted under the DIP Order, regardless of when such superpriority administrative claims may arise, (including without limitation, any Adequate Protection Claims (as defined in the DIP Order));

---

[3] "DIP Order" means, collectively, the interim and final order approving the Debtors' postpetition debtor-in-possession financing facility.

9.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived;

10. The Debtors are authorized to take all actions necessary to affect the relief granted pursuant to this Order in accordance with the Motion;

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof; and

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED**.

### # # # End of Order # # #

SUBMITTED BY:

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,[1] | § | |
| DEBTOR. | § | Joint Administration Requested |
| | § | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

---

**EXHIBIT**

A

tabbies®

**ORDER GRANTING EXPEDITED MOTION FOR ORDER UNDER
SECTION 365 AND 554 OF THE BANKRUPTCY CODE (I) AUTHORIZING
THE DEBTORS TO REJECT CERTAIN UNEXPIRED COMMERCIAL
REAL PROPERTY LEASES EFFECTIVE AS OF OCTOBER 23, 2020;
AND (II) GRANTING RELATED RELIEF**

Came on to be considered the Debtors' *Expedited Motion for Entry of an Order Under Section 3654 and 554 of the Bankruptcy Code (I) Authorizing the Debtors to Reject Certain Unexpired Commercial Real Property Leases Effective as of October 23, 2020; and (II) Granting Related Relief* (the "Motion"[2]). Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby

**ORDERED** that:

1.      The Motion is granted;

2.      Pursuant to Bankruptcy Code § 365, the leases identified in the Motion (collectively, the "Leases") shall be deemed rejected effective as of the October 23, 2020 without further order of the Court and without the need for further action by the Debtors or any other party;

---

[2]      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

3. Subject to the prior written consent of the DIP Agent and the Requisite Lenders (as defined in the DIP Order[3]), pursuant to Bankruptcy Code § 554, any property remaining on the premises of the Leases after surrender shall be deemed abandoned as of October 23, 2020, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, the premises that are the subject of the Leases (the "Abandoned Property");

4. Nothing in this Order authorizes the Debtors to abandon personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number (the "PII") of any employee or any customer. Nothing in this Order relieves the Debtors' of their obligation to comply with state or federal privacy and/or identity theft prevention laws and rules with respect to PII;

5. Prior to any abandonment of any personal property, the Debtors shall remove or cause to be removed any confidential and/or PII in any of the Debtors' hardware, software, computers, cash registers, or similar equipment which are to be abandoned or otherwise disposed of so as to render the PII unreadable or undecipherable;

6. Notwithstanding any other provision of this Order, (A) the Debtors may not abandon, and are directed to remove, any personal property that is not property of the Debtors or property of the landlord of the location at which such personal property is abandoned, and (B) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law;

7. The landlords may, in their sole discretion, subject to the prior written consent of the DIP Agent, and without further notice or order of this Court, utilize and/or dispose of any Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition;

8. Any claims arising as a result of abandonment of personal property in connection with rejection of the Leases, including but not limited to claims by landlords related to the removal of abandoned property, shall be junior in priority to any superpriority administrative claims granted under the DIP Order, regardless of when such superpriority administrative claims may arise, (including without limitation, any Adequate Protection Claims (as defined in the DIP Order));

---

[3] "DIP Order" means, collectively, the interim and final order approving the Debtors' postpetition debtor-in-possession financing facility.

9.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived;

10.     The Debtors are authorized to take all actions necessary to affect the relief granted pursuant to this Order in accordance with the Motion;

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof; and

12.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED**.

**# # # End of Order # # #**

SUBMITTED BY:

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**