Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTOR
STUDIO MOVIE GRILL HOLDINGS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. <u>20-32633-11</u> |
| | § | |
| **STUDIO MOVIE GRILL HOLDINGS, LLC,** | § | Chapter 11 |
| ***et al.*,**[1] | § | |
| DEBTOR. | § | Joint Administration Requested |
| | § | |

## DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL RELIEF

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

## AUTHORITY TO PAY ALL OR A PORTION OF THE PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

Studio Movie Grill Holdings, LLC and its debtor affiliates (the "Debtors" or "SMG"), by and through their proposed undersigned counsel, file this *Emergency Motion for Authority to Pay All or a Portion of the Prepetition Claims of Certain Critical Vendors* (the "Motion"). In support of this Motion, the Debtors would respectfully show the Court as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief requested herein are Sections 105, 363, 365, 1107, and 1108 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### II.
### BACKGROUND

2. On October 23, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. SMG is engaged in the dine-in movie theater business. In addition to its movie offerings, SMG's theaters include a bar and lounge area, with direct to seat service for guests before and during their movies. Specifically, SMG operates 33 movies theaters in 10 states, including

Arizona, California, Florida, Georgia, Illinois, Indiana, North Carolina, Pennsylvania, Texas, and Virginia. All theaters operate under the brand name "Studio Movie Grill."

5. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of William Snyder, CRO of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motion* (the "Snyder Declaration"), which was filed on the Petition Date and is incorporated by reference in this Motion.

### III.
### CRITICAL VENDORS

6. In the ordinary course of their business operating movie theaters, the Debtors need to pay certain critical vendors to continue their current limited operations. Such critical vendors include specifically food and liquor vendors. The Debtors require continuing provision of all such goods on the same, or more favorable, term that existed prior to the Petition Date.

7. Moreover, the bulk of such prepetition amounts are likely subject to 11 U.S.C. § 503(b)(9) administrative priority treatment.

### IV.
### RELIEF REQUESTED & BASIS FOR RELIEF

8. By this Motion, the Debtors seek the authority, but not the direction, to pay all or a portion of these critical vendor claims, as identified on **Exhibit "A"** hereto and US Foods to the extent necessary, provided however that critical vendors agree to provide their prepetition trade terms; if such terms are not continued then any payment to the critical vendors shall be an unauthorized postpetition transfer pursuant to Section 549 and is returnable to the Debtors' estates. Due to the centrality to the Debtors' operations as a movie theater enterprise that provide dine-in and bar services, the relief sought herein is critical to the Debtors' reorganization and operational efforts. The Debtors need access to food and liquor deliveries on the same terms as existing on the Petition Date in order to generate revenue. If such requested relief is not granted and the critical

vendors ultimately refuse to continue to provide goods, it is uncertain if the Debtors will be able to continue operations, which will imperil the Debtors' reorganization, damage the estates, and diminish any returns to creditors.

9. In the exercise of their sound business judgment, the Debtors believe, that the failure to satisfy the unsecured claims listed above, in whole or in part, is likely to result in the critical vendors refusing to provide critical goods to the Debtors during the post-petition period. This outcome would have an immediate effect on the Debtors' ability to operate their business. Therefore, the Debtors seek the authority, but not direction, to pay all or a portion of the amounts owing to critical vendors. The Debtors estimate the maximum amount needed to pay the prepetition claims of the critical vendor counterparties is approximately $27,871, which represents only a small percentage of the total amount of the prepetition claims in these Chapter 11 Cases. The funds for this amount will be available under the current DIP financing budget being contemporaneously proposed to the Court.

**A.  The Court may also Authorize Payment of the Claims Pursuant to Section 363**

11. Courts have authorized payment of prepetition obligations under Section 363 of the Bankruptcy Code where a sound business purpose exists for doing so. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of certain claims); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, (*In re James A. Phillips, Inc.*), 29 B.R. 391, 397 (S.D.N.Y. 1983) (authorizing, pursuant to Section 363, contractor to pay prepetition claims of some suppliers who were potential lien claimants, because payments were necessary for general contractors to release funds owed to debtors).

12. Similarly to the above statements, the Debtors' access to food and liquor is paramount to its operations. Any payments made under the requested authority would be insubstantial compared to the likely significant operational damage that might result from

nonpayment. Accordingly, these payments would be vital to a successful reorganization and would ultimately benefit the Debtors' other creditors through the existence of continued revenue. Moreover, such authority will empower the Debtors to achieve a smooth transition into bankruptcy. For such reasons, the Debtors assert that it would be in their sound business judgment to pay these claims.

**B.  The Court may also Grant the Motion Pursuant to the Necessity of Payment Doctrine**

13. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (16th ed. rev. 2020). Under Section 105(a) of the Bankruptcy Code, courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses. *See In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999). The Debtors submit that the relief requested in this Motion is critical to the Debtors and is justified under Section 105(a) of the Bankruptcy Code.

14. Moreover, the relief requested in this Motion is supported by the well-established "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *Just for Feet*, 242 B.R. at 824-45 (debtors may pay prepetition claims that are

essential to continued operation of business); *Pension Benefit Guarantee Corp. v. Sharon Steel Corp.* (*In re Sharon Steel Corp.*), 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) (embracing "necessity of payment" doctrine and citing *Leigh & New England Ry. Co.* with approval); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same). The same rationale applied in these cases also applies to the Debtors' efforts to continue their business operations and to preserve the going concern value of its business for the benefit of its creditors. Without the requisite authority to pay the critical vendors, the Debtors cannot continue to provide dine-in service uninterrupted.

15. Allowing the Debtors to pay the claims, pursuant to all or some of the above-referenced provisions, is especially appropriate where, as here, doing so is consistent with the "two recognized policies" of chapter 11 of the Bankruptcy Code—preserving going concern value and maximizing the value of property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Says. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The Debtors respectfully submit that similar relief is warranted in these Chapter 11 Cases because without the films provided by the studios, the Debtors could not continue to operate their business or move towards a successful reorganization.

**C.   Request for Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

16. Given the nature of the relief requested, the Debtors respectfully request a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a); and (ii) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable hereto.

**D.   Reservation of Rights**

17. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code Section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or

a waiver of the Debtors' rights to dispute such claim subsequently.

## V.
## NOTICE

18. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Agent[2]; (vi) counsel for any official committees appointed by this Court; (vii) the consolidated list of the 30 largest unsecured creditors of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit "B"** (i) granting the relief requested in this Motion authorizing Debtors to pay all or a portion of the prepetition claims of certain critical vendors; and (ii) granting such other relief as the Court deems just and proper.

DATED: October 23, 2020

Respectfully submitted,

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By: _/s/ Frank J. Wright_
    Frank J. Wright
    Texas Bar No. 22028800
    Jeffery M. Veteto
    Texas Bar No. 24098548
    Jay A. Ferguson
    Texas Bar No. 24094648

2323 Ross Avenue, Suite 730

---

[2] "DIP Agent" means Goldman Sachs Special Lending Group, L.P., in its capacity as administrative agent under that certain [*Senior Secured Superpriority Debtor-in-Possession Financing Amendment* dated as of [October __], 2020, by and among, among others, the Debtors, the DIP Agent, and the lenders party thereto.

                                        Dallas, Texas 75201
                                        Telephone: (214) 935-9100
                                        **PROPOSED COUNSEL TO DEBTORS**
                                        **AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on the parties listed below, on all parties consenting to electronic service of this case *via* the Court's *ECF system* for the Northern District of Texas and *via* United States Mail, first class postage prepaid, on October 24, 2020 on the Debtor's Top Thirty (30) Largest Unsecured Creditors.

U.S. Trustee
1100 Commerce St.
Room 976
Dallas, Texas 75242

                                                       */s/ Frank J. Wright*
                                                       Frank J. Wright

| DISTRIBUTOR | Amount |
|---|---|
| Ace Beverage Co. - CA | |
| Adams Beverages of NC, LLC | |
| Advance Beverage Co., Inc. | |
| Alliance Beverage dba Breakthru Beverage Arizona | |
| Andrews Distributing of N. TX - Dallas | |
| Anheuser-Busch Sales of Central LA | |
| Anheuser-Busch Sales of Inland Empire | |
| Associated Distributors-Roanoke dba Breakthru Bev | |
| Atlanta Beverage | |
| BAKFISH Brewing Co | |
| Ben E. Keith Beverages | |
| Breakthru Beverage Illinois, LLC | |
| Carolina Premium Beverage | |
| Cavalier Distributing Indiana LLC | |
| Chesbay Distributing dbaPremium Distributors of VA | |
| Chicago Beverage System, Inc. | |
| City Beverages - Orlando | |
| Classic City Bev, LLC dba Beverage South - Athens | |
| Classic Distributing and Beverage Group, Inc. | |
| Co Hop Beverages LLC | |
| Cowtown Brewing Co. | |
| Craft Beer Guild of Los Angeles | |
| Crescent Crown Distributing - AZ | |
| Crystal Springs Spirits, LLC | |
| Eagle Rock - Norcross | |
| East Texas Brewing Company, LLC dba ETX Brewing Co | |
| Elgin Beverage Company | |
| Empire Distributors, Inc. - Atlanta | |
| Empire Distributors, Inc. - Charlotte | |
| Epic Wines | |
| Euclid Beverage, Ltd. - North Aurora | |
| Favorite Brands, LLC - Dallas | |
| Fisher59 - Denton | |
| Florida Distribution Company LLC | |
| Fullclip Craft Distributors | |
| General Wholesale - Marietta | |
| General Wholesale - Stonehill | |
| Georgia Crown Dist Co - McDonough | |
| GG Distributing | |
| Golden Brands | |
| Granite Falls Brewing Company | |
| Great Bay Distributors, Inc. | |
| Harbor Dist - CA dba Gate City/Allied/High Desert | |
| Hensley & Company - Phoenix | |
| Heritage Wine Cellars - IL | |
| Hop Secret | |

**EXHIBIT "A"**

| |
|---|
| Houston Distributing Co. |
| Indiana Wholesale W & L dba Johnson Brothers of IN |
| JJ Taylor Distributing - Tampa |
| Johnson Brothers - Tampa |
| Johnson Brothers of NC dba Mutual Dist of NC |
| Lakeshore Beverage |
| M. Price Distributing Co. |
| Markstein Beverage Co. of Sacramento |
| Martin House Brewing Company |
| Maverick Wine Company, LLC - IL |
| Meck ABC #19 North Tryon St |
| Midway Wholesalers, Inc. |
| Monarch Beverage Co. |
| MPWS Co. dba Pioneer Wine Companies |
| Muller, Inc. |
| Mussetter Distributing |
| National Distributing Co. - Atlanta |
| NoDa Brewing Company |
| Northeast Sales Dist - Winder |
| Oak Highlands Brewery |
| Origlio Beverage |
| PA Wine and Spirits |
| Pacific Beverage Co. |
| Penn Beer Sales & Service |
| Pepin Distributing Company |
| Peticolas Brewing Company |
| Premier Beverage Co.dba Breakthru Beverage Florida |
| R & K Distributors |
| Regal Wine Company |
| Republic National Dist - Ashland |
| Republic National Dist - Grand Prairie |
| Republic National Dist - Houston |
| Republic National Dist - Indiana |
| Republic National Dist - Tampa |
| Saccani Distributing Company |
| Savannah Distributing - Atlanta |
| Schamberger Bros., Inc. |
| Shannon Brewing |
| Silver Eagle Distributors Houston LLC |
| Skyland Distributing |
| Southern Glazer's Wine & Spirits of AZ |
| Southern Glazer's Wine & Spirits of FL |
| Southern Glazer's Wine & Spirits of IL |
| Southern Glazer's Wine & Spirits of IN |
| Southern Glazer's Wine & Spirits of N. CA |
| Southern Glazer's Wine & Spirits of S. CA |
| Southern Glazer's Wine & Spirits of TX |

| |
|---|
| Spec's Family Partners |
| Stone Brewing Co., LLC |
| Sun King Brewing Company |
| Superior Beverage Co., Inc. |
| Tahoe Spirits, Inc. |
| The Olde Mecklenburg Brewery |
| Tri-Cities Beverage Corp. |
| Triple C Brewing Company |
| True Vine Brewing Company |
| Tryon Distributing Co. |
| Ultimate Distributors |
| United Distributors - Atlanta |
| Virginia ABC |
| Windy City Distributing, LLC |
| Wine Warehouse |
| Winebow Group - Mid Atlantic South |
| Winebow, Inc. |
| Young's Market Company of Arizona |
| Young's Market of CA, LLC |
| Zink Distributing |


| Vendor Name | Total |
|---|---|
| Andrews Dist of N Texas | $ 304 |
| Ben E. Keith Beers | $ 156 |
| DBI Beverage Sacramento | $ 172 |
| GLAZERS WHOLESALE | $ 126 |
| Markstein Beverage of Sacramento | $ 1,032 |
| Mussetter Distributing | $ 129 |
| Premier Beverage Company | $ - |
| REPUBLIC BEVERAGE COMPANY | $ 766 |
| Southern Wine & Spirits of CA | $ 3,507 |
| Wine Warehouse | $ 534 |
| Youngs Market Company | $ 1,146 |
| FINTECH | $ 20,000 |
| **Total Unpaid Balance** | **$ 27,871** |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-32633-SGJ-11 |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, | § | Chapter 11 |
| *et al.*,1 | § | |
| DEBTOR. | § | Joint Administration Requested |

---

1   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Studio Movie Grill Holdings, LLC (6546) ("SMG Holdings"); OHAM Holdings, LLC (0966); Movie Grill Concepts Trademark Holdings, LLC (3096); Movie Grill Concepts I, Ltd. (6645); Movie Grill Concepts III, Ltd. (2793); Movie Grill Concepts IV, Ltd. (1454); Movie Grill Concepts IX, LLC (3736); Movie Grill Concepts VI, Ltd. (6895); Movie Grill Concepts VII, LLC (2291); Movie Grill Concepts X, LLC (6906); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XII, LLC (6040); Movie Grill Concepts XIII, LLC (5299); Movie Grill Concepts XIV, LLC (4709); Movie Grill Concepts XIX, LLC (9646); Movie Grill Concepts XL, LLC (4454); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLII, LLC (2309); Movie Grill Concepts XLIII, LLC (9721); Movie Grill Concepts XLIV, LLC (8783); Movie Grill Concepts XLV, LLC (2570); Movie Grill Concepts XV, LLC (4939); Movie Grill Concepts XVI, LLC (1033); Movie Grill Concepts XVII, LLC (1733); Movie Grill Concepts XVIII, LLC (8322); Movie Grill Concepts XX, LLC (7300); Movie Grill Concepts XXI, LLC (1508); Movie Grill Concepts XXII, LLC (6748); Movie Grill Concepts XXIV, LLC (5114); Movie Grill Concepts XXIX, LLC (5857); Movie Grill Concepts XXV, LLC (4985); Movie Grill Concepts XXVI, LLC (5233); Movie Grill Concepts XXVII, LLC (4427); Movie Grill Concepts XXVIII, LLC (1554); Movie Grill Concepts XXX, LLC (1431); Movie Grill Concepts XXXI, LLC (3223); Movie Grill Concepts XXXII, LLC (0196); Movie Grill Concepts XXXIII, LLC (1505); Movie Grill Concepts XXXIV, LLC (9770); Movie Grill Concepts XXXIX, LLC (3605); Movie Grill Concepts XXXV, LLC (0571); Movie Grill Concepts XXXVI, LLC (6927); Movie Grill Concepts XXXVII, LLC (6401); Movie Grill Concepts XXXVIII, LLC (9657); Movie Grill Concepts XXIII, LLC (7893); Studio Club, LLC (3023); Studio Club IV, LLC (9440); Movie Grill Concepts XI, LLC (2837); Movie Grill Concepts XLI, LLC (4624); Movie Grill Concepts XLVI, LLC (2344); Movie Grill Concepts XLVII, LLC (5866); Movie Grill Concepts XLVIII, LLC (8601); Movie Grill Concepts XLIX, LLC (0537); Movie Grill Concepts L, LLC (5940); Movie Grill Concepts LI, LLC (7754); Movie Grill Concepts LII, LLC (8624); Movie Grill Concepts LIII, LLC (3066); Movie Grill Concepts LIV, LLC (2018); Movie Grill Concepts LV, LLC (4699); Movie Grill Partners 3, LLC (4200); Movie Grill Partners 4, LLC (1363); Movie Grill Partners 6, LLC (3334); and MGC Management I, LLC (3224).

**EXHIBIT "B"**

# ORDER GRANTING MOTION INTERIM AUTHORITY FOR DEBTORS TO PAY ALL OR A <u>PORTION OF THE PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS</u>

Came on to be considered the Debtors' *Emergency Motion Interim and Final Authority to Pay All or a Portion of the Prepetition Claims of Certain Critical Vendors* (the "<u>Motion</u>"[2]). Based on the specific facts and circumstances of this case and for the reasons stated on the record, which are incorporated herein, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, and after due deliberation thereon, there being found good and sufficient cause exists it is hereby

**ORDERED** that:

1. The Motion is granted;

2. The Debtors are authorized but not directed, in the Debtors' sole discretion, to (i) pay the critical vendors as described in the Motion; in the ordinary course of business on a post-petition basis and that are due, consistent with prepetition practices;

3. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim or lien against the Debtors; (ii) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds; (iii) a promise or requirement to pay any pre-petition claim; (iv) an

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (v) a request or authorization to assume any prepetition agreement, contract or lease pursuant to Section 365 of the Bankruptcy Code, except as set forth in the Motion; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law;

4. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order approved by the Court in effect as of the time such payment is to be made (together with any approved budgets in connection therewith, the "DIP Order"), and such payments shall be subject to the terms, conditions, limitations, and requirements of the DIP Order in all respects. Any Agent Consent (as defined in the DIP Order) or other consent or approval of the DIP Agent given or requested in respect of any matters relating to this Order shall require approval of the Requisite Lenders (as defined in the DIP Order);

5. Notwithstanding anything else in this Order to the contrary, any payments authorized to be made by this Order shall be subject to the terms, conditions, limitations, and restrictions set forth in that certain *Order Granting Debtors' Emergency Motion Pursuant to Sections 105, 345, 364, 363, 503, 1107 and 1108, Authorizing (i) Maintenance of Existing Bank Accounts; (ii) Continuance of Existing Cash Management System, Bank Accounts and Checks and Related Forms; (iii) Continued Performance of Intercompany Transactions; (iv) Limited Waiver of Section 345(b) Deposit and Investment Requirements; and (v) Granting Related Relief*;

6. The banks and financial institutions on which checks were drawn in payment of prepetition amounts to the critical vendors are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that the Debtors have sufficient funds on deposit to cover such payments.

7. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED**.

### # # # End of Order # # #

**SUBMITTED BY:**

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
Jay A. Ferguson
Texas Bar No. 24094648
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
2323 Ross Avenue, Suite 730
Dallas, Texas 75201
Telephone: (214) 935-9100

**PROPOSED COUNSEL TO DEBTORS
AND DEBTORS-IN-POSSESSION**