Jeffrey N. Pomerantz (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com
Tel: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the GUC Trustee*

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
LAW OFFICES OF FRANK J. WRIGHT, PLLC
2323 Ross Avenue, Suite 200
Dallas, Texas 75201
Telephone: (214) 935-9100

*Counsel to the Reorganized Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.,*[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

## GUC TRUSTEE AND REORGANIZED DEBTORS' JOINT
## SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATE)

**THIS IS AN OBJECTION TO YOUR CLAIM. THE GUC TRUSTEE AND REORGANIZED DEBTORS ARE OBJECTING TO YOUR CLAIM BECAUSE THE DEBTORS' BOOKS AND RECORDS INDICATE THAT IT IS DUPLICATIVE OF ANOTHER PROOF OF CLAIM FILED AGAINST MULTIPLE DEBTORS.**

**YOU SHOULD LOCATE YOUR CLAIM ON EXHIBIT 1 ATTACHED HERETO. A COPY OF YOUR CLAIM MAY BE OBTAINED FREE OF CHARGE BY CONTACTING THE TRUST'S COUNSEL, STEVEN GOLDEN AT SGOLDEN@PSZJLAW.COM OR BY VISTING HTTPS://WWW.DONLINRECANO.COM/CLIENTS/SMGH/.**

**IN ACCORDANCE WITH GENERAL ORDER 2021-05, A HYBRID STATUS CONFERENCE WILL BE HELD BEFORE THE HONORABLE JUDGE STACEY G.C. JERNIGAN, EARLE CABELL FEDERAL BUILDING, U.S. COURTHOUSE, 1100**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

COMMERCE STREET, ROOM 1421, COURTROOM #1, 14TH FLOOR, DALLAS, TEXAS ON SEPTEMBER 7, 2022, AT 9:30 A.M., PREVAILING CENTRAL TIME, WHICH IS AT LEAST 40 DAYS FROM THE DATE OF SERVICE OF NOTICE HEREOF. PARTIES MAY APPEAR EITHER IN PERSON OR VIA WEBEX VIDEOCONFERENCE. THE HEARING LINK IS: HTTPS://US-COURTS.WEBEX.COM/MEET/JERNIGA. PARTIES UNFAMILIAR WITH WEBEX ARE REQUESTED TO REVIEW THE WEBEX HEARING INSTRUCTIONS PROVIDED WITH THE NOTICE OF STATUS CONFERENCE OR POSTED ON JUDGE JERNIGAN'S WEBPAGE PRIOR TO THE HEARING. THE WEBEX HEARING INSTRUCTIONS MAY BE ACCESSED AT: HTTPS://WWW.TXNB.USCOURTS.GOV/JUDGE-INFO/HEARING-DATES/JUDGE-JERNIGANS-HEARING-DATES.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING AND FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE THE CLOSE OF BUSINESS ON AUGUST 12, 2022, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF. THE WRITTEN RESPONSE MUST ALSO BE SERVED UPON STEVEN GOLDEN, COUNSEL FOR THE TRUST, AND JEFFERY VETETO, COUNSEL FOR THE REORGANIZED DEBTORS, PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF NO RESPONSE IS FILED AND SERVED AS SET FORTH HEREIN, THE RELIEF REQUESTED HEREIN SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

Advisory Trust Group, LLC (the "GUC Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust"), and Studio Movie Grill Holdings, LLC and its reorganized debtor affiliates (the "Reorganized Debtors") (collectively, the "Objectors"), file this omnibus objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") to proofs of claim that are duplicative of another filed proof of claim filed by the claimant against one or more of the Debtors herein. Through this Objection, the Objectors seek the entry of an order disallowing and expunging the duplicative proofs of claim identified on *Exhibit 1* to the Proposed Order

(collectively, the "Duplicate Claims").  In support of this Objection, the Objectors respectfully

state as follows:

## I.    JURISDICTION, VENUE, AND AUTHORITY

1.       This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157(a) and

1334(a), and Article 12.1 of the Plan.  Consideration of this Objection is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2)(B).  Venue is proper in this District and in this Court pursuant to 28

U.S.C. §§ 1408 and 1409.  This Court has authority to enter a final order in this matter.

## II.    RELEVANT BACKGROUND

2.       On October 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary

petition with this Court under chapter 11 of the Bankruptcy Code.  On November 13, 2020, each

of the Debtors filed their Statements of Financial Affairs for Non-Individuals and Schedules of

Assets and Liabilities (collectively, the "Schedules").  The Debtors retained Donlin, Recano &

Co., Inc. as their claims and administrative agent (the "Claims Agent") who, among other things,

maintains the official claims register in the Debtors' cases (the "Claims Register").

3.       On March 31, 2021, the Court entered the order [Docket No. 875] (the

"Confirmation Order") confirming the *Debtors' Fourth Amended Joint Chapter 11 Plan of

Reorganization* [Docket No. 875] (the "Plan").  The Plan became effective by its terms April 15,

2021 (the "Effective Date"). *See Notice of (I) Entry of Order Confirming the Debtors' Fourth

Amended Joint Chapter 11 Plan of Reorganization and (II) Occurrence of the Effective Date*

[Docket No. 917].

4.       Upon the Effective Date, the GUC Trust was created pursuant to the Plan and the

GUC Trust Agreement, and Advisory Trust Group, LLC was appointed as the GUC Trustee of the

GUC Trust. *See* Plan at Article IV.B.1-2.  Pursuant to Article VII.B of the Plan, (a) the GUC

Trustee is vested with the sole authority to prosecute objections to GUC Claims, Convenience

Class Claims, and the Panterra Claims and (b) the Reorganized Debtors are vested with the sole

authority to prosecute objections to all other Claims, in each instance from and after the Effective

Date of the Plan.

5.      <u>The Duplicate Claims</u>.  The Objectors have identified Duplicate Claims on ***Exhibit***

***1*** that are identical in nature and amount and filed against multiple Debtors.  The Plan was premised

on the consolidation of the Debtors for the purposes of distributions to holders of unsecured claims.

Specifically, the Plan provides that "each and every GUC Claim or Convenience Class Claim

against a Debtor that is not listed on the Schedule of Abandoned Debtors, the Schedule of Non-

Applicable Debtors, or the Schedule of Converted Cases shall (a) be deemed merged or treated as

liabilities of the GUC Trust to the extent Allowed and (b) shall be treated as filed against the

consolidated Debtors and shall be treated as one GUC Claim or one Convenience Class Claim, as

applicable, as an obligation of the GUC Trust. "  *See* Plan, Art. IV.C.13. Accordingly, the same

claim filed against multiple debtors is to be treated as a single claim for purposes of claim

allowance and distribution under the Plan and GUC Trust.

## III.    DISCUSSION

### A.    The Objection Complies with All Applicable Statutes and Rules

6.      An omnibus objection is appropriate in this case.  Bankruptcy Rule 3007(d)(1)

states that "objections to more than one claim may be joined in an omnibus objection if all the

claims were filed by the same entity, or the objections are based solely on the grounds that the

claims should be disallowed, in whole or in part, because: (1) they duplicate other claims." FED.

R. BANKR. P. 3007(d)(1).  Bankruptcy Rule 3007(f) provides that "[t]he finality of any order

regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection." FED. R. BANKR. P. 3007(f).

7.      In compliance with Bankruptcy Rule 3007 and Local Rule 3007-1(b), a copy of the Objection will be served on: (1) the holders (and their counsel, if known) of the Duplicate Claims by first class mail; and (2) the United States Trustee.  The notice of the Objection will also be served on those who have requested notice pursuant to Bankruptcy Rule 2002.  In compliance with Local Rule 3007-2(a), the holders of the Duplicate Claims will be provided with at least forty (40) days from service of the Objection to file a written response to the Objection and the Duplicate Claims have been listed in alphabetical order on *Exhibit 1* hereto.

**B.      The Objectors Have Met Their Burden of Proof on the Objection**

8.      Section 502(a) of the Code governs objections to claims and provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection to the claim is made, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." *Id*. § 502(b).

9.      A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  FED. R. BANKR. P. 3001(f).  Under Fifth Circuit case law, if a debtor or trustee successfully objects to a proof of claim, the burden shifts to the creditor to prove the underlying validity of its claim by a preponderance of evidence.  *See Matter of O'Connor,* 153 F.3d 258, 260-261 (5th Cir. 1998).

10.      Following a thorough review of the proofs of claim, the Objectors have determined that the Duplicate Claims should be disallowed and expunged because they are identical and

duplicative of other proofs of claim that were filed by or on behalf of the same claimant (or a successor thereto) in respect to the same liabilities.  Therefore, to prevent an unwarranted recovery by the holders of the Duplicate Claims to the detriment of other creditors, the Objectors request that the Court disallow and expunge the Duplicate Claims identified on *Exhibit 1*.

11.     In all instances, one claim filed by the claimant will survive and is unaffected by this Objection (the "Surviving Claims").  The Objectors have also identified the Surviving Claims on *Exhibit 1*.

12.     By this Objection, the Objectors seek to disallow the Duplicate Claims and thus limit each claimant to its Surviving Claim and a single potential recovery.  Any disallowance or expungement of the Duplicate Claims will not affect the Surviving Claims, which will remain on the Claims Register, subject to the Reorganized Debtors' and the Trust's right to object to such claims in the future on any and all grounds.

## IV.    RESERVATION OF RIGHTS

13.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Reorganized Debtors, GUC Trustee, or any other party in interest to object to any of the Duplicate Claims (to the extent not disallowed and expunged pursuant to this Objection) on any grounds whatsoever, and the Objectors expressly reserve all further substantive or procedural objections it may have should the Objection be overruled.  The Objectors reserve their right to object on other stated grounds or on any other grounds that it discovers during the pendency of these bankruptcy cases.   In addition, the Objectors reserve the right to file counterclaims against the holders of any such claims.

14.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor

entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition

claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication

or admission that any particular claim is of a type specified or defined in this Objection or any

order granting the relief requested by this Objection; (e) a request or authorization to assume any

prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a

waiver of the Objectors' rights under the Bankruptcy Code or any other applicable law.

## V.     **SEPARATE CONTESTED MATTER**

15.     To the extent that a response is filed regarding any Books and Records Claim and

Claim, and the Objection as it pertains to such Books and Records Claim, will constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014. Further, the Objectors request that

any order entered by the Court regarding an objection or other reply asserted in response to this

Objection be deemed a separate order with respect to each proof of claim.

## VI.     **NOTICE**

16.     The Objectors will provide notice of this Objection to: (a) all claimants holding the

Duplicate Claims and counsel, if any, listed on **Exhibit 1**; (b) the Office of the United States

Trustee; and (c) all parties that have filed a request to receive service of court filings pursuant to

Bankruptcy Rule 2002.  Additionally, the Objectors have prepared a form "Notice of Objection to

Your Claim" attached hereto as **Exhibit A** to accompany service of the Objection.  The Objectors

respectfully submit that no further notice is required.

## VII.     **CONCLUSION**

**WHEREFORE**, for the reasons stated in the Objection, the Objectors respectfully request

entry of an order in substantially the same form as the proposed order attached hereto as **Exhibit**

**B** (a) sustaining this Objection; (b) disallowing and expunging the Duplicate Claims; (c) reserving

6

all rights to object on any other ground, and (d) granting such other and further relief as the Court

deems just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 11, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Steven W. Golden*
      Steven W. Golden (SBT 24099681)

440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
sgolden@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY  10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com

Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

*Counsel to the GUC Trust*

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By:    */s/ Jeffery M. Veteto*
        Frank J. Wright
        Texas Bar No. 22028800
        Jeffery M. Veteto
        Texas Bar No. 24098548

2323 Ross Avenue, Suite 200
Dallas, Texas 75201
Telephone:   (214) 935-9100
Emails:      frank@fjwright.law
           jeff@fjwright.law

*Counsel to the Reorganized Debtors*

8

## EXHIBIT A

**Notice of Objection**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com
Tel: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the GUC Trustee*

Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
LAW OFFICES OF FRANK J. WRIGHT, PLLC
2323 Ross Avenue, Suite 200
Dallas, Texas 75201
Telephone: (214) 935-9100

*Counsel to the Reorganized Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF OBJECTION TO YOUR CLAIM**

**TO:    THE CLAIMANTS IDENTIFIED IN EXHIBIT 1 TO THE GUC TRUSTEE'S
AND REORGANIZED DEBTORS' SECOND OMNIBUS OBJECTION TO
CLAIMS (DUPLICATE)**

**PLEASE TAKE NOTICE** that Advisory Trust Group, LLC (the "GUC Trustee"), solely
in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust"), and Studio Movie Grill
Holdings, LLC and its reorganized debtor affiliates (the "Reorganized Debtors") (collectively, the
"Objectors"), have filed an objection ("Objection") to disallow certain proofs of claim because, in
each instance, the proof of claim duplicates one or more other proofs of claim asserted by the same
creditor against multiple Debtors.  You should locate your name on "Exhibit 1" to the Objection.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and
noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

Because the Objectors seek to disallow and expunge your duplicate claim(s) ("<u>Duplicate Claims</u>"), you should read this notice and the attached Objection carefully.

   **PLEASE TAKE FURTHER NOTICE** that, in accordance with General Order 2021-05, a hybrid status conference will be held before the Honorable Stacey G.C. Jernigan, Earle Cabell Federal Building, U.S. Courthouse, 1100 Commerce Street, Room 1421, Courtroom #1, 14th Floor, Dallas, Texas on **September 7, 2022, at 9:30 a.m., prevailing central time**, which is no less than 40 days from the date of service hereof. Parties may appear either in person or via WebEx Videoconference. The hearing link is: https://us-courts.webex.com/meet/jerniga. Parties unfamiliar with WebEx are requested to review the WebEx Hearing Instructions provided with the Notice of Status Conference or posted on Judge Jernigan's webpage prior to the hearing. The WebEx Hearing Instructions may be accessed at: https://www.txnb.uscourts.gov/judge-info/hearing-dates/judge-jernigans-hearing-dates.

   **PLEASE TAKE FURTHER NOTICE** that if you object to the relief requested by the Objection, you must respond in writing and file your response with the Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, at the Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, Texas 75242-1496, before the close of business on **August 12, 2022**, which is at least 30 days from the date of service hereof. A copy of the written response must also be served on Steven W. Golden, counsel for the GUC Trustee, and Jeffery M. Veteto, counsel for the Reorganized Debtors, prior to the date and time set forth herein. If no response is filed and served as set forth herein, the relief requested herein shall be deemed to be unopposed, and the Court may enter an order granting the relief sought.

   **PLEASE TAKE FURTHER NOTICE** that nothing in this Notice or the accompanying Objection constitutes a waiver of the right of the GUC Trustee and/or the Reorganized Debtors to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims or objections against you or the Duplicate Claims, including any additional objections regarding the allowance of the Duplicate Claims.

      *[Remainder of page intentionally left blank]*

Dated: July 11, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Steven W. Golden*
        Steven W. Golden (SBT 24099681)

440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
sgolden@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY  10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com

Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

*Counsel to the GUC Trust*

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By:     */s/ Jeffery M. Veteto*
        Frank J. Wright
        Texas Bar No. 22028800
        Jeffery M. Veteto
        Texas Bar No. 24098548

2323 Ross Avenue, Suite 200
Dallas, Texas 75201
Telephone:    (214) 935-9100
Emails:       frank@fjwright.law
              jeff@fjwright.law

*Counsel to the Reorganized Debtors*

2

**<u>EXHIBIT B</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.,*[3] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING GUC TRUSTEE'S AND REORGANIZED DEBTORS' SECOND
OMNIBUS OBJECTION TO CLAIMS (DUPLICATE)**

The Court considered the *GUC Trustee's and Reorganized Debtors' Second Omnibus*

*Objection to Claims (Duplicate)* (the "Objection") filed by Advisory Trust Group, LLC (the "GUC

Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust"), and Studio

Movie Grill Holdings, LLC and its reorganized debtor affiliates (the "Reorganized Debtors")

(collectively, the "Objectors"), pursuant to which the Objectors seek to disallow certain Duplicate

---

[3] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

Claims because, in each instance, the proof of claim duplicates one or more other proofs of claim asserted by the same creditor against multiple Debtors; the Court having reviewed the Objection and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and no other or further notice need be provided; (e) all responses, if any, to the Objection have been withdrawn, resolved, or overruled; and (f) that good cause appears for the relief requested, it is therefore **HEREBY ORDERED THAT**:

1.      The Objection is SUSTAINED.

2.      Each of the Duplicate Claims identified on **Exhibit 1** attached hereto is disallowed and expunged in its entirety pursuant to section 502(b) of the Bankruptcy Code.

3.      The GUC Trustee, Reorganized Debtors, or the Claims Agent, as applicable, is authorized to update the Claims Register in these cases to reflect the relief granted in this Order.

4.      The Order shall be immediately effective and enforceable upon its entry.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6.      Each of the Duplicate Claims and the objections by the GUC Trustee and the Reorganized Debtors to such Duplicate Claims, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Duplicate Claims.

### ### END OF ORDER ###

**<u>Respectfully submitted by</u>:**

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Steven W. Golden*
    Steven W. Golden (SBT 24099681)

440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
sgolden@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com

Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

*Counsel to the GUC Trust*

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By: */s/ Jeffery M. Veteto*
    Frank J. Wright
    Texas Bar No. 22028800
    Jeffery M. Veteto
    Texas Bar No. 24098548

2323 Ross Avenue, Suite 200
Dallas, Texas 75201
Telephone:    (214) 935-9100
Emails:    frank@fjwright.law
        jeff@fjwright.law

*Counsel to the Reorganized Debtors*

## **EXHIBIT 1**

**Duplicate Claims**

**Duplicate Claims**

| | CLAIMANT | DEBTOR NAME | CLAIM DATE | DUPLICATE DRC CLAIM NO. | SURVIVING DRC CLAIM NO. |
|---|---|---|---|---|---|
| 1. | CONTINENTAL CASUALTY COMPANY AND AFFILIATES | MOVIE GRILL CONCEPTS XLI, LLC | 2/19/2021 | 490 | 489 |
| 2. | CONTINENTAL CASUALTY COMPANY AND AFFILIATES | MOVIE GRILL CONCEPTS XXX, LLC | 2/19/2021 | 491 | 489 |
| 3. | CONTINENTAL CASUALTY COMPANY AND AFFILIATES | MOVIE GRILL CONCEPTS XVI, LLC | 2/19/2021 | 492 | 489 |
| 4. | CONTINENTAL CASUALTY COMPANY AND AFFILIATES | STUDIO MOVIE GRILL HOLDINGS, LLC | 2/19/2021 | 493 | 489 |
| 5. | CSI LEASING INC | MOVIE GRILL CONCEPTS III, LTD. | 2/19/2021 | 507 | 502 |
| 6. | CSI LEASING INC | MOVIE GRILL CONCEPTS IX, LLC | 2/19/2021 | 510 | 502 |
| 7. | CSI LEASING INC | MOVIE GRILL CONCEPTS VI, LTD. | 2/19/2021 | 512 | 502 |
| 8. | EOMAC LTD | STUDIO MOVIE GRILL HOLDINGS, LLC | 10/29/2020 | 17 | 508 |
| 9. | J AND J MECHANICAL | STUDIO MOVIE GRILL HOLDINGS, LLC | 11/9/2020 | 59 | 58 |
| 10. | JEWISH FEDERATION OF PINELLAS AND | STUDIO MOVIE GRILL HOLDINGS, LLC | 2/21/2021 | 52331.00 | 52330.00 |
| 11. | KERN COUNTY TAX COLLECTOR | MOVIE GRILL CONCEPTS XXXV, LLC | 2/21/2021 | 50788.00 | 51093.00 |
| 12. | KEVIN PATRICK, AS AN INDIVIDUAL AND FOR ALL THOSE SIMILARLY SITUATED | MOVIE GRILL CONCEPTS XX, LLC | 1/28/2021 | 233 | 232 |
| 13. | KHNEMMU, TCHAASU | MOVIE GRILL CONCEPTS XXV, LLC | 2/8/2021 | 290 | 289 |
| 14. | MARTIN, HERMAN | STUDIO MOVIE GRILL HOLDINGS, LLC | 2/16/2021 | 316 | 317 |
| 15. | ROMANOFF ELECTRIC RESIDENTIAL LLC | STUDIO MOVIE GRILL HOLDINGS, LLC | 2/8/2021 | 260 | 262 |
| 16. | ROMANOFF ELECTRIC RESIDENTIAL LLC | MOVIE GRILL CONCEPTS XXXI, LLC | 2/8/2021 | 261 | 262 |
| 17. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLII, LLC | 2/8/2021 | 269 | 274 |
| 18. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XL, LLC | 2/8/2021 | 270 | 274 |
| 19. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XIV, LLC | 2/8/2021 | 271 | 274 |
| 20. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XIX, LLC | 2/8/2021 | 272 | 274 |
| 21. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL PARTNERS 3, LLC | 2/8/2021 | 275 | 274 |

| | CLAIMANT | DEBTOR NAME | CLAIM DATE | DUPLICATE DRC CLAIM NO. | SURVIVING DRC CLAIM NO. |
|---|---|---|---|---|---|
| 22. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS LV, LLC | 2/8/2021 | 276 | 274 |
| 23. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS LIII, LLC | 2/8/2021 | 277 | 274 |
| 24. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLIX, LLC | 2/28/2021 | 278 | 274 |
| 25. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLVIII, LLC | 2/8/2021 | 279 | 274 |
| 26. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS IV, LTD. | 2/8/2021 | 280 | 274 |
| 27. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLI, LLC | 2/8/2021 | 281 | 274 |
| 28. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XI, LLC | 2/8/2021 | 282 | 274 |
| 29. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS III, LTD. | 2/8/2021 | 283 | 274 |
| 30. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XII, LLC | 2/8/2021 | 284 | 274 |
| 31. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XIII, LLC | 2/8/2021 | 285 | 274 |
| 32. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXIII, LLC | 2/16/2021 | 318 | 274 |
| 33. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXIV, LLC | 2/16/2021 | 319 | 274 |
| 34. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXIX, LLC | 2/16/2021 | 320 | 274 |
| 35. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXV, LLC | 2/16/2021 | 321 | 274 |
| 36. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXVI, LLC | 2/16/2021 | 322 | 274 |
| 37. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXVIII, LLC | 2/16/2021 | 354 | 274 |
| 38. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXII, LLC | 2/16/2021 | 324 | 274 |
| 39. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS VI, LTD. | 2/16/2021 | 329 | 274 |
| 40. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS TRADEMARK HOLDINGS, LLC | 2/17/2021 | 346 | 274 |
| 41. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLVII, LLC | 2/17/2021 | 348 | 274 |
| 42. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLVI, LLC | 2/17/2021 | 349 | 274 |
| 43. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXXII, LLC | 2/17/2021 | 351 | 274 |
| 44. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS VI, LTD. | 2/17/2021 | 352 | 274 |
| 45. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | STUDIO CLUB IV, LLC | 2/17/2021 | 353 | 274 |
| 46. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS L, LLC | 2/22/2021 | 587 | 274 |

| | CLAIMANT | DEBTOR NAME | CLAIM DATE | DUPLICATE DRC CLAIM NO. | SURVIVING DRC CLAIM NO. |
|---|---|---|---|---|---|
| 47. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XX, LLC | 2/22/2021 | 588 | 274 |
| 48. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XVIII, LLC | 2/22/2021 | 589 | 274 |
| 49. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XVII, LLC | 2/22/2021 | 590 | 274 |
| 50. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS LII, LLC | 2/22/2021 | 591 | 274 |
| 51. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLV, LLC | 2/22/2021 | 593 | 274 |
| 52. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XLIII, LLC | 2/22/2021 | 594 | 274 |
| 53. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS VII, LLC | 2/22/2021 | 595 | 274 |
| 54. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MGC MANAGEMENT I, LLC | 2/22/2021 | 596 | 274 |
| 55. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL PARTNERS 4, LLC | 2/22/2021 | 597 | 274 |
| 56. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL PARTNERS 6, LLC | 2/22/2021 | 598 | 274 |
| 57. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XV, LLC | 3/1/2021 | 609 | 274 |
| 58. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS LI, LLC | 3/1/2021 | 613 | 274 |
| 59. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXIX, LLC | 2/26/2021 | 614 | 274 |
| 60. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXVI, LLC | 2/26/2021 | 618 | 274 |
| 61. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXV, LLC | 2/26/2021 | 619 | 274 |
| 62. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXVIII, LLC | 3/11/2021 | 629 | 274 |
| 63. | TX- COMPTROLLER OF PUBLIC ACCOUNTS | MOVIE GRILL CONCEPTS XXIII, LLC | 3/11/2021 | 630 | 274 |