Jeffrey N. Pomerantz (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

*Counsel to the GUC Trustee*

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**GUC TRUSTEE'S OBJECTION TO CLAIMS**
**FILED BY PANTERRA DEVELOPMENT LTD LLP AND PANTERRA GP INC.**
**(Claim Nos. 246, 247, 248, 249, and 250) AND REQUEST TO ESTIMATE CLAIMS**
**PURSUANT TO SECTION 502(c)(1) FOR DISTRIBUTION PURPOSES**

**NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496) BEFORE CLOSE OF BUSINESS ON OCTOBER 12, 2022 WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF. COPIES OF YOUR CLAIMS ARE ATTACHED HERETO AS EXHIBIT A.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

Advisory Trust Group, LLC (the "GUC Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust") hereby files this *GUC Trustee's Objection to Claims Filed by Panterra Development Ltd LLP and Panterra GP Inc. (Claim Nos. 246, 247, 248, 249, and 250)* (this "Objection") and respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Proposed Order"), disallowing Claim Nos. 246 through 250 (the "Claims") for the following reasons:

| Claim No. | Claimant | Amount of Claim | Proposed Action/Basis |
|---|---|---|---|
| Claim No. 246 | Panterra Development Ltd LLP ("Panterra Development") | $111,024.10 | Disallowance on basis that (i) liability inconsistent with the Reorganized Debtors' books and records and (ii) Claim provides insufficient supporting documentation on which the GUC Trustee may determine the *prima facie* validity of such claim. |
| Claim No. 247 | Panterra GP Inc. ("Panterra GP" and, together with Panterra Development, the "Claimants") | $869,589.07 | Disallowance on basis that (i) liability inconsistent with the Reorganized Debtors' books and records, (ii) Claim provides insufficient supporting documentation on which the GUC Trustee may determine the *prima facie* validity of such claim, and (iii) Panterra GP did not contract with Debtors and has no standing to recover as a creditor. |
| Claim No. 248 | Panterra Development | $869,589.07 | Disallowance on basis that (i) liability inconsistent with the Reorganized Debtors' books and records, (ii) Claim provides insufficient supporting documentation on which the GUC Trustee may determine the *prima facie* validity of such claim, and (iii) Panterra Development was unlicensed in California and was therefore precluded by California's strict Contractors State Licensing Law from recovering under a construction contract. |
| Claim No. 249 | Panterra GP | $2,609,666.53 | Disallowance on basis that (i) liability inconsistent with the Reorganized Debtors' books and records, (ii) Claim provides insufficient supporting documentation on which the GUC Trustee may determine the *prima facie* validity of such claim, and (iii) liability not finally determined in state court |

| | | | action. |
|---|---|---|---|
| Claim No. 250 | Panterra Development | $2,609,666.53 | Disallowance on basis that (i) liability inconsistent with the Reorganized Debtors' books and records, (ii) Claim provides insufficient supporting documentation on which the GUC Trustee may determine the *prima facie* validity of such claim, (iii) Panterra Development was unlicensed in California and was therefore precluded by California's strict Contractors State Licensing Law from recovering under a construction contract, and (iv) Panterra Development is not a plaintiff in the state court action. |

In the alternative, the GUC Trustee seeks estimation of each Claim at $0.00 for purposes of distribution under the Plan (as defined below). In support of this Objection, the GUC Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are sections 105(a), 502(b), and 502(c) of title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Bankruptcy Local Rules for the Northern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### A. The Plan and the GUC Trust

3. On October 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. On March 31, 2021, the Court entered the order [Docket No. 875] (the "Confirmation Order") confirming the *Debtors' Fourth*

*Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 875] (the "Plan"). The Plan became effective by its terms April 15, 2021 (the "Effective Date"). *See Notice of (I) Entry of Order Confirming the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization and (II) Occurrence of the Effective Date* [Docket No. 917].

4.      Upon the Effective Date, the GUC Trust was created pursuant to the Plan and the GUC Trust Agreement, and Advisory Trust Group, LLC was appointed as the GUC Trustee of the GUC Trust.[2]  Pursuant to the GUC Trust Agreement, the GUC Trustee "shall have all of the rights and powers granted to the Debtors or Reorganized Debtors, as applicable, in the Plan as it pertains to Beneficiaries, such as. . . review, reconcile, allow, object to, compromise, settle and withdraw objections to GUC Claims in Class 5 and Convenience Class Claims in Class 6, as appropriate. . . ."[3]  In addition, the Plan provides that the GUC Trustee may "at any time request that the Bankruptcy Court estimate any Disputed Claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code for any reason."[4]

5.      As of the date hereof, the GUC Trustee has reviewed and reconciled various claims, including through stipulated resolutions that have been negotiated with claimants. Based on these efforts, the GUC Trustee believes that the claims pool has been significantly reconciled. There, however, remain a number of claims that must be addressed before any distribution can be made, including the Claims.

**B.      The Claims**

6.      On November 13, 2020, the Debtors filed their Statements of Financial Affairs [Docket No. 161] and Schedules of Assets and Liabilities [Docket No. 162]. Pursuant to the

---

[2] *See* Plan at Article IV.B.1-2.

[3] *See* GUC Trust Agreement at Article I.

[4] *See* Plan at Article VII.E.

DOCS_LA:345200.3 81962/002

*Notice of Chapter 11 Bankruptcy Case* [Docket No. 89] (the "Bar Date Notice"), the Bankruptcy

Court established certain dates and deadlines (each a "Bar Date") for filing proofs of claim in

these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Notice established:

(a) February 21, 2021, as the Bar Date for all non-governmental entities to file Proofs of Claim,

and (b) May 22, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

7.      On February 2, 2021, each of the following Claims were filed:

| Claim No. | Claimant | Amount of Claim/ Classification | Debtor | Basis |
|---|---|---|---|---|
| Claim No. 246 | Panterra Development | $111,024.10 general unsecured | Movie Grill Concepts XXVI, LLC ("MGC XXVI") | Contractor's claim for sums due under the contract for construction of the Studio Movie Grill project on West 87th Street in Chicago, Illinois as set forth in *Panterra Development, LTD., L.L.P. v. Movie Grill Concepts XXVI, LLC dba Studio Movie Grill* (AAA, Dallas, Texas) |
| Claim No. 247 | Panterra GP | $869,589.07 general unsecured | Movie Grill Concepts XXVII, LLC ("MGC XXVII") | Contractor's claim for sums due under the contracts for construction of the Studio Movie Grill projects at Downey, Monrovia, and Redlands, California as set forth in *Panterra Development, LTD., L.L.P. and Panterra GP, Inc. v. Movie Grill Concepts XXVII, LLC dba Studio Movie Grill* (AAA, Dallas, Texas) |
| Claim No. 248 | Panterra Development | $869,589.07 general unsecured | MGC XXVII | Contractor's claim for sums due under the contracts for construction of the Studio Movie Grill projects at Downey, Monrovia, and Redlands, California as set forth in *Panterra Development, LTD., L.L.P. and Panterra GP, Inc. v. Movie Grill Concepts XXVII, LLC dba Studio Movie Grill* (AAA, Dallas, Texas) |
| Claim No. | Panterra GP | $2,609,666.53 general | Movie Grill Concepts XX, | Contractor's claim for sums due under the contract for |

DOCS_LA:345200.3 81962/002

| 249 | | unsecured | LLC ("MGC XX") | construction of the Studio Movie Grill Bakersfield project as set forth in *Movie Grill Concepts XX, LLC v. Panterra Development LTD., L.L.P.* (Kern County Superior Court) |
| Claim No. 250 | Panterra Development | $2,609,666.53 general unsecured | MGC XX | Contractor's claim for sums due under the contract for construction of the Studio Movie Grill Bakersfield project as set forth in *Movie Grill Concepts XX, LLC v. Panterra Development LTD., L.L.P.* (Kern County Superior Court) |

8.    The Claims are all predicated on the same general factual pattern. In each instance, Panterra Development, whose general partner is Panterra GP, contracted with the applicable Debtor for improvements at certain of the Debtors' theater(s), even though Panterra Development did not hold a valid contractor's license. In the Claims, Panterra Development and/or Panterra GP, as applicable to the particular Claim, claim additional sums are owed by the Debtors on account of the construction projects.

9.    Based on a review of the Debtors' records, the GUC Trustee disputes that any sums are due with respect to the theater projects. Specifically with respect to the Bakersfield project (relating to Claim Nos. 249 and 250), the Debtors' records reflect that no charges are due and owing. The applicable Panterra claimant has not provided sufficient documentation for the GUC Trustee to determine the validity of the charges with respect to the additional projects.

## BASIS FOR RELIEF

### A. The Claims Should Be Disallowed and Expunged

10. With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party-in-interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . ."

11. A filed proof of claim is deemed allowed, unless a party in interest objects.[5] A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.[6] To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery.[7] Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency.[8] Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence."[9] "The ultimate burden of proof always lies with the claimant."[10]

---

[5] 11 U.S.C. § 502(a).

[6] Fed. R. Bankr. P. 3001(f).

[7] *Wilferth v. Heritage Org., L.L.C.* (*In re Heritage Org., L.L.C.*), 04-35574 (BJH), 2006 Bankr. LEXIS 4577, at *22-23 (Bankr. N.D. Tex. Jan. 27, 2006) (citing cases).

[8] *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998).

[9] *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc.* (*In re Cavu/Rock Props. Project I, LLC*), 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014).

[10] *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

1.  **Each of the Claims Must be Disallowed Because Claimants Have Not Met Their Burden in Demonstrating Any Valid Outstanding Liability**

12.     The GUC Trustee objects to the Claims because, upon a review of the Debtors' books and records, the docket of the referenced lawsuits, and the Claims themselves, and upon discussions with Reorganized Debtor's personnel, the Debtors do not appear to bear any liability with respect to the construction projects at issue.

2.  **Claims 248 and 250 of Panterra Development Must be Disallowed Because They Are Precluded by California's Contractors State Licensing Law**

13.     In addition, with respect to Claim Nos. 248 and 250,[11] Panterra Development was unlicensed in California and was therefore precluded by California's strict Contractors State Licensing Law from recovering under a construction contract.  California is highly protective of licensed contractors and has harsh, if not draconian, remedies against persons performing contracting work without a license to do so.  California Business & Professions ("B&P") Code section 7031 provides, in relevant part:

(a) Except as provided in subdivision (e), no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that they were a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action brought by the person, except that this prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029.

(b) Except as provided in subdivision (e), a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract.

. . . . . .

---

[11] Panterra Development is not even a Plaintiff in the action underlying Claim No. 250.

(e) The judicial doctrine of substantial compliance shall not apply under this section where the person who engaged in the business or acted in the capacity of a contractor has never been a duly licensed contractor in this state. However, notwithstanding subdivision (b) of Section 143, the court may determine that there has been substantial compliance with licensure requirements under this section if it is shown at an evidentiary hearing that the person who engaged in the business or acted in the capacity of a contractor (1) had been duly licensed as a contractor in this state prior to the performance of the act or contract, (2) acted reasonably and in good faith to maintain proper licensure, and (3) acted promptly and in good faith to remedy the failure to comply with the licensure requirements upon learning of the failure.

14.     There is no evidence to indicate that Panterra Development was ever the holder of a California contractor's license, and the relief under section 7031(e) is not available to it.

### 3. **Claims 247 and 249 of Panterra GP Must be Disallowed Because Construction Contracts Cannot Be Reformed to Switch Contracting Party**

15.     With respect to Claim Nos. 247 and 249, Panterra GP was not a contracting party with any applicable Debtor and, as such, no Debtor is liable to Panterra GP in any amount. Although the state appellate court in the action underlying Claim No. 249 found that Panterra GP may seek reformation of the applicable construction agreement to substitute Panterra GP (who holds a valid license) as the contracting party, Panterra GP would need to establish that the parties understood and agreed that Panterra GP, not Panterra Development, was the intended counterparty.  There is no ruling or order regarding the Debtors' liability in the underlying lawsuit, nor is the entry of any such ruling or order imminent.  And, as evidenced by the underlying contract itself, the parties understood that Panterra Development, not Panterra GP, was the intended contractor.  Claimants are sophisticated parties and deliberately used a specific entity for contracting the Bakersfield project – the choice of entity was not a mistake.

16.     The burden is on the Claimants to prove liability.  Absent the entry of an order in the lawsuits and the reduction of the Claim to a judgment, Panterra GP fails to meet that burden. The Claims remains disputed and unliquidated pending resolution of the lawsuit.

**4.    Certain Claims Are Duplicative**

17.    Although the GUC Trustee believes neither Claimant holds a valid claim against any Debtor for the reasons stated herein, each Claimant has the same claim on account of the same liability (i.e., Claim Nos. 247 and 248, and Claim Nos. 249 and 250).  At most, only a single instance of each claim could be allowed.

**B.    The Court Must Estimate the Claims Pursuant to Section 502(c)**

18.    Section 502(c) of the Bankruptcy Code mandates the estimation of all contingent or unliquidated claims which, unless fixed or liquidated, would unduly delay the administration of a debtor's estate, and provides, in pertinent part, as follows:

> There shall be estimated for purpose of allowance under this section –
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . .[12]

19.    The claims estimation process envisioned by section 502(c) "provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine."[13]  By its terms, section 502(c) of the Bankruptcy Code requires a bankruptcy court to estimate a claim where liquidation of that claim would otherwise unduly delay the reorganization process.[14]  Indeed, the

---

[12] 11 U.S.C. § 502(c)(1).

[13] *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003).  *See also In re Continental Airlines*, 981 F.2d 1450, 1461 (5th Cir. 1993) (stating that section 502(c) "is designed to avoid the need to await the resolution of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions").

[14] *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011–12 (4th Cir. 1986) (noting that the duty to estimate contingent or unliquidated claims is "a mandatory obligation of the bankruptcy court" where otherwise the claim would cause undue delay).

clearly stated purpose for allowing the estimation of claims is to "avoid undue delay in the administration of bankruptcy proceedings."[15]

20.      Section 502(c) does not prescribe the method for estimating a claim, and courts therefore have discretion to utilize any valuation model that best suits the circumstances of the case at hand.[16]  "[W]hen estimating claims, bankruptcy courts may use whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization must be accomplished quickly and efficiently."[17]

21.      A claim is contingent when "the debtor will be called upon to pay *only upon the occurrence or happening of an extrinsic event* which will trigger the liability of the debtor to the alleged creditor."[18]  A claim is unliquidated if it is not subject to "ready determination and precision in computation of the amount due."[19]  In addition, section 105(a) of the Bankruptcy Code affords courts wide latitude in effectuating the provisions of section 502(c), and provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[20]  Section 105(a) allows courts to "craft flexible remedies that,

---

[15] *Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 957 (2d Cir. 1993); *see also In re Stone & Webster, Inc.*, 279 B.R. 748, 810 (Bankr. D. Del. 2002) ("The purpose of an estimation proceeding is to avoid delays that may arise from waiting to fix the value of contingent claims.  An estimation proceeding expedites the bankruptcy process so that key steps in a reorganization that depend on the fixing of value may proceed.  In essence, an estimation proceeding is a procedural device that is to be used when adjudication and liquidation of a claim would take an unreasonably long time to allow courts to quickly and flexibly estimate the amount of an as yet to be liquidated claim.") (citation omitted).

[16] *See, e.g.*, *Maxwell v. Seaman Furniture Co. (In re Seaman Furniture Co. of Union Square, Inc.)*, 160 B.R. 40, 42 (S.D.N.Y. 1993) (stating that "a bankruptcy court may use whatever method is best suited to the circumstances").

[17] *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 278 (S.D.N.Y. 2007) (citation and internal quotations omitted).

[18] *In re Ford*, 967 F.2d 1047, 1051 (5th Cir. 1992) (internal quotation omitted) (emphasis in original).

[19] *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987) (quoting *Sylvester v. Dow Jones & Company, Inc. (In re Sylvester)*, 19 B.R. 671, 673 (D.N.J. 1975)).

[20] 11 U.S.C. § 105(a).

11

while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain."[21]

22.     The Claims should be disallowed for lack of evidence for the unsupported allegations contained in the Claims. Estimation is an appropriate alternative remedy because the Claims remain contingent and unliquidated well after their filing.

23.     The GUC Trustee submits that, to the extent any Claim is not disallowed and expunged in its entirety, it is appropriate to estimate such Claim at $0.00 for purposes of distribution. The GUC Trustee cannot wait for the lawsuits to be brought to final judgment before distributions are made to unsecured creditors under the Plan. Doing so would unduly delay the administration of the chapter 11 cases.

## Reservation of Rights

24.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law. Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the Objection.

---

[21] *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)).

## Notice

25.     The Objectors will provide notice of this Objection to: (a) the Claimants holding the Claims and counsel, if any; (b) the Office of the United States Trustee; and (c) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002. Additionally, the GUC Trustee prepared a form "Notice of Objection to Your Claim" attached hereto as **Exhibit B** to accompany service of the Objection.  The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

**WHEREFORE**, based upon the foregoing, the GUC Trustee respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order attached hereto as **Exhibit C** sustaining this Objection and providing that the Claims should be disallowed in their entirety; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

DOCS_LA:345200.3 81962/002

Dated: September 12, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Steven W. Golden*
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trust*

## **EXHIBIT A**

**Proof of Claim**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Movie Grill Concepts XXVI, LLC** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number | **20-32689** |

## Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

**Panterra Development, LTD., L.L.P.**
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**Stephen A. Roberts**
Name
**Clark Hill Strasburger**
Number    Street
**720 Brazos, Suite 700**

**Austin**              **TX**    **78701**
City              State    ZIP Code

Contact phone  **512-499-3624**

Contact email  **sroberts@clarkhill.com**

Where should payments to the creditor be sent? (if different)

**F. Andrew Gerdes**
Name
**Panterra Development, LTD., L.L.P.**
Number    Street
**14901 Quorum Dr. #320**

**Dallas**              **TX**    **75254**
City              State    ZIP Code

Contact phone  **214-850-5148**

Contact email  **agerdes@gha-architects.com**

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor  __ __  __ __  __ __  __ __

**7. How much is the claim?**

$111,024.10     **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Payment dispute, plus attorneys' fees (Arbitration)**

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** _____

**Amount of the claim that is secured:** _____

**Amount of the claim that is unsecured:** _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** _____

**Annual Interest Rate** (when case was filed) _____
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition: _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_____) that applies. | _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **02/02/2021**
                    MM / DD / YYYY

_F. Andrew Gerdes_
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | **F.** | **Andrew** | **Gerdes** |
| | First name | Middle name | Last name |
| Title | **Vice President** | | |
| Company | **Panterra Development, LTD., L.L.P.** | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | **14901 Quorum Dr. #320** | | |
| | Number      Street | | |
| | **Dallas** | **TX** | **75254** |
| | City | State | ZIP Code |

Contact phone  **214-850-5148**          Email  **agerdes@gha-architects.com**

## Case No. 20-32689
## Movie Grill Concepts XXVI, LLC

### Summary of the Claim of Panterra Development, LTD., L.L.P.

**SMG Chicago Project**

| | |
|---|---|
| Style: | Panterra Development, LTD., L.L.P. v. Movie Grill Concepts XXVI, LLC dba Studio Movie Grill |
| Case No. | 01-19-0002-8575 |
| Court: | AAA, Dallas, Texas |
| Party: | Claimant PANTERRA DEVELOPMENT, LTD., L.L.P. |
| Claim: | Payment dispute plus attorneys' fees |
| Basis: | Contractor's claim for sums due under the contract for construction of the Studio Movie Grill project on West 87th Street in Chicago, Illinois |

Amount:   $111,024.10 plus costs and interest

| Fill in this information to identify the case: |
|---|
| Debtor 1 | **Movie Grill Concepts XXVII, LLC** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS** |
| Case number | **20-32691** |

## Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **Panterra GP, Inc.*** <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor  **\*Alternative claimant Panterra Development, LTD., L.L.P.** |
| 2. | Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> **Stephen A. Roberts** <br> Name <br> **Clark Hill Strasburger** <br> Number   Street <br> **720 Brazos, Suite 700** <br><br> **Austin**      **TX**   **78701** <br> City     State   ZIP Code <br><br> Contact phone  **512-499-3624** <br><br> Contact email   **sroberts@clarkhill.com** | **Where should payments to the creditor be sent?** (if different) <br><br> **F. Andrew Gerdes** <br> Name <br> **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.** <br> Number   Street <br> **14901 Quorum Dr. #320** <br><br> **Dallas**     **TX**   **75254** <br> City     State   ZIP Code <br><br> Contact phone  **214-850-5148** <br><br> Contact email   **agerdes@gha-architects.com** |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ |
| 4. | Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ <br>                                                                                              MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor   __ __ __ __

**7. How much is the claim?**

$869,589.07

**Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Payment dispute, plus attorneys' fees (Arbitration)**

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: _____

Amount of the claim that is secured: _____

Amount of the claim that is unsecured: _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: _____

Annual Interest Rate (when case was filed) _____
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition: _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ____ ) that applies. | _____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **02/02/2021**
                          MM / DD / YYYY

Signature  *F. Andrew Gerdes*

Print the name of the person who is completing and signing this claim:

| Name | **F.** | **Andrew** | **Gerdes** |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  **Vice President**

Company  **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.**
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  **14901 Quorum Dr. #320**
              Number       Street

**Dallas**                                  **TX**        **75254**
City                                           State        ZIP Code

Contact phone  **214-850-5148**                    Email  **agerdes@gha-architects.com**

Official Form 410                    **Proof of Claim**                    page 3

## Case No. 20-32691
## Movie Grill Concepts XXVII, LLC

### Summary of the Claim of Panterra GP, Inc.

**SMG Downey, Monrovia and Redlands Projects**

| | |
|---|---|
| Style: | Panterra Development, LTD., L.L.P. and Panterra GP, Inc. v. Movie Grill Concepts XXVII, LLC dba Studio Movie Grill |
| Case No. | 01-20-0014-0874 |
| Court: | AAA, Dallas, Texas |
| Party: | Claimants PANTERRA DEVELOPMENT, LTD., L.L.P. and PANTERRA GP, INC. |
| Claim: | Payment dispute plus attorneys' fees |
| Basis: | Contractor's claim for sums due under the contracts for construction of the Studio Movie Grill Projects at: |

8200 3rd Street
Downy, CA

410 S. Myrtle Ave.
Monrovia, CA

340 Eureka St.
Redlands, CA

Amount: $869,589.07 plus attorneys' fees

| | |
|---|---|
| Downey: | $477,311.69 |
| Monrovia: | $209,813.18 |
| Redlands: | $182,464.20 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Movie Grill Concepts XXVII, LLC** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number | **20-32691** |

## Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

**Panterra Development, LTD., L.L.P.***
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    **\*Alternative claimant Panterra GP, Inc.**

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**Stephen A. Roberts**
Name
**Clark Hill Strasburger**
Number     Street
**720 Brazos, Suite 700**

**Austin**          **TX**      **78701**
City                State    ZIP Code

Contact phone   **512-499-3624**

Contact email   **sroberts@clarkhill.com**

Where should payments to the creditor be sent? (if different)

**F. Andrew Gerdes**
Name
**Panterra Development, LTD., L.L.P. and Panterra GP, Inc.**
Number     Street
**14901 Quorum Dr. #320**

**Dallas**          **TX**      **75254**
City                State    ZIP Code

Contact phone   **214-850-5148**

Contact email   **agerdes@gha-architects.com**

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:**  Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor  ___ ___ ___ ___

7. **How much is the claim?**

$869,589.07

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Payment dispute, plus attorneys' fees (Arbitration)**

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** _____

**Amount of the claim that is secured:** _____

**Amount of the claim that is unsecured:** _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** _____

**Annual Interest Rate** (when case was filed) _____

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition: _____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*                                          Amount entitled to priority

   ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                 _____

   ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                 _____

   ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4).                 _____

   ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                 _____

   ☐ Contributions to an employee benefit plan.  11 U.S.C. § 507(a)(5).                 _____

   ☐ Other.  Specify subsection of 11 U.S.C. § 507(a)( _____ ) that applies.                 _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **01/01/2021**
             MM / DD / YYYY

*F. Andrew Gerdes*
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | **F.**  First name | **Andrew**  Middle name | **Gerdes**  Last name |
| Title | **Vice President** | | |
| Company | **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.**  Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | **14901 Quorum Dr. #320**  Number        Street | | |
| | **Dallas**  City | **TX**  State | **75254**  ZIP Code |

Contact phone  **214-850-5148**          Email  **agerdes@gha-architects.com**

---

Case No. 20-32691
Movie Grill Concepts XXVII, LLC

Summary of the Claim of Panterra Development, LTD., L.L.P.

**SMG Downey, Monrovia and Redlands Projects**

Style:      Panterra Development, LTD., L.L.P. and Panterra GP, Inc. v. Movie Grill Concepts
            XXVII, LLC dba Studio Movie Grill
Case No.    01-20-0014-0874
Court:      AAA, Dallas, Texas
Party:      Claimants PANTERRA DEVELOPMENT, LTD., L.L.P. and PANTERRA GP, INC.
Claim:      Payment dispute plus attorneys' fees
Basis:      Contractor's claim for sums due under the contracts for construction of the Studio
            Movie Grill Projects at:

            8200 3rd Street
            Downy, CA

            410 S. Myrtle Ave.
            Monrovia, CA

            340 Eureka St.
            Redlands, CA

Amount:   $869,589.07 plus attorneys' fees

            Downey:     $477,311.69
            Monrovia:   $209,813.18
            Redlands:   $182,464.20

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Movie Grill Concepts XX, LLC** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number | **20-32694** |

## Official Form 410

## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **Panterra GP, Inc.\*** <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor    **\* alternative claimant Panterra Development, LTD., L.L.P.** |
| 2. | Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| **Stephen A. Roberts** <br> Name | **F. Andrew Gerdes** <br> Name |
| **Clark Hill Strasburger** <br> Number        Street | **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.** <br> Number        Street |
| **720 Brazos, Suite 700** | **14901 Quorum Dr. #320** |
| **Austin**            **TX**      **78701** <br> City                State   ZIP Code | **Dallas**            **TX**      **75254** <br> City                State   ZIP Code |
| Contact phone   **512-499-3624** | Contact phone   **214-850-5148** |
| Contact email   **sroberts@clarkhill.com** | Contact email   **agerdes@gha-architects.com** |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ <br> MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.**    **Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor    __ __ __ __

**7.**    **How much is the claim?**     $2,609,666.53     **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.**    **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Mechanics Lien Foreclosure and Breach of Contract**

**9.**    **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** _____

    **Amount of the claim that is secured:** _____

    **Amount of the claim that is unsecured:** _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** _____

    **Annual Interest Rate** (when case was filed) _____
    ☐ Fixed
    ☐ Variable

**10.**    **Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition: _____

**11.**    **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **02/02/2021**
                  MM / DD / YYYY

Signature  *F. Andrew Gerdes*

Print the name of the person who is completing and signing this claim:

| Name | **F.** | **Andrew** | **Gerdes** |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | **Vice President** | | |
| Company | **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.** | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | **14901 Quorum Dr. #320** | | |
| | Number          Street | | |
| | **Dallas** | **TX**       **75254** | |
| | City | State       ZIP Code | |

Contact phone  **214-850-5148**          Email  **agerdes@gha-architects.com**

Case No. 20-32694
Movie Grill Concepts XX, LLC

**Summary of the Claim of Panterra GP, Inc.**

<u>CALIFORNIA LITIGATION</u>

Style:      Movie Grill Concepts XX, LLC, v. Panterra Development, LTD., L.L.P.
Case No.    Lead Case No. BCV-18-102668 (Consolidated with BCV-18-102528)
Court:      Kern County Superior Court, Bakersfield, California
Party:      Respondent, Plaintiff and Cross-Defendant PANTERRA GP, INC., the sole general
            partner of PANTERRA DEVELOPMENT, LTD., L.L.P.; and Cross-Defendant
            PANTERRA DEVELOPMENT, LTD., L.L.P.
Claim:      Mechanics Lien Foreclosure and Breach of Contract
Basis:      Contractor's claim for sums due under the contract for construction of the Studio
            Movie Grill Bakersfield project.

Amount:     $2,609,666.53 plus attorneys' fees

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | **Movie Grill Concepts XX, LLC** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number | **20-32694** |

## Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

**1. Who is the current creditor?**

Panterra Development, LTD., L.L.P.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   **\*Alternative claimant Panterra GP, Inc.**

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**Stephen A. Roberts**
Name
**Clark Hill Strasburger**
Number   Street
**720 Brazos, Suite 700**

**Austin**          **TX**   **78701**
City              State   ZIP Code

Contact phone   **512-499-3624**

Contact email   **sroberts@clarkhill.com**

Where should payments to the creditor be sent? (if different)

**F. Andrew Gerdes**
Name
**Panterra Development, LTD., L.L.P. and Panterra GP, Inc.**
Number   Street
**14901 Quorum Dr. #320**

**Dallas**          **TX**   **75254**
City              State   ZIP Code

Contact phone   **214-850-5148**

Contact email   **agerdes@gha-architects.com**

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor  __ __ __ __

**7. How much is the claim?**    $2,609,666.53    Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Mechanics Lien Foreclosure and Breach of Contract**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** _____

**Amount of the claim that is secured:** _____

**Amount of the claim that is unsecured:** _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** _____

**Annual Interest Rate** (when case was filed) _____

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition: _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **02/02/2021**
MM / DD / YYYY

*F. Andrew Gerdes*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | **F.** | **Andrew** | **Gerdes** |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | **Vice President** | | |
| Company | **Panterra Development, LTD., L.L.P. and Panterra GP, Inc.** | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | **14901 Quorum Dr. #320** | | |
| | Number        Street | | |
| | **Dallas** | **TX** | **75254** |
| | City | State | ZIP Code |

Contact phone  **214-850-5148**        Email  **agerdes@gha-architects.com**

**Case No. 20-32694**
**Movie Grill Concepts XX, LLC**

**Summary of the Claim of Panterra Development, LTD., L.L.P.**

<u>CALIFORNIA LITIGATION</u>

Style:      Movie Grill Concepts XX, LLC, v. Panterra Development, LTD., L.L.P.
Case No.    Lead Case No. BCV-18-102668 (Consolidated with BCV-18-102528)
Court:      Kern County Superior Court, Bakersfield, California
Party:      Respondent, Plaintiff and Cross-Defendant PANTERRA GP, INC., the sole general
            partner of PANTERRA DEVELOPMENT, LTD., L.L.P.; and Cross-Defendant
            PANTERRA DEVELOPMENT, LTD., L.L.P.
Claim:      Mechanics Lien Foreclosure and Breach of Contract
Basis:      Contractor's claim for sums due under the contract for construction of the Studio
            Movie Grill Bakersfield project.

Amount:     $2,609,666.53 plus attorneys' fees

## **EXHIBIT B**

**Notice of Objection**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.,*[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**<u>NOTICE OF OBJECTION TO YOUR CLAIM</u>**

**TO: CLAIMANTS PANTERRA DEVELOPMENT LTD LLP AND PANTERRA GP INC.**

 **PLEASE TAKE NOTICE** that Advisory Trust Group, LLC (the "<u>GUC Trustee</u>"), solely in its capacity as GUC Trustee of the GUC Trust (the "<u>GUC Trust</u>" or the "<u>Objector</u>"), has filed an objection ("<u>Objection</u>") requesting that this Court disallow Claim numbers 246 through 250. Because the Objector seeks to disallow your Claims, you should read this notice and the attached Objection carefully.

 **PLEASE TAKE FURTHER NOTICE** THAT NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE **CLOSE OF BUSINESS ON OCTOBER 12, 2022**, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.

 **PLEASE TAKE FURTHER NOTICE** that if you object to the relief requested by the Objection, you must respond in writing and file your response with the Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, at the Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, Texas 75242-1496, before the close of business on **October 12, 2022**, which is at least 30 days from the date of service hereof. A copy of the written response must also be served on Steven W. Golden, counsel for the GUC Trustee, prior to the date and time set forth herein.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO RESPONSE IS FILED AND HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

**PLEASE TAKE FURTHER NOTICE** that nothing in this Notice or the accompanying Objection constitutes a waiver of the right of the GUC Trustee to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims or objections against you or your claim, including any additional objections regarding the allowance of your claim.

Dated:  September 12, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

By:  */s/ Steven W. Golden*
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
780 Third Avenue, 34th Floor
New York, NY  10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trust*

2

**<u>EXHIBIT C</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.,*[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING GUC TRUSTEE'S OBJECTION TO**
**CLAIMS FILED BY PANTERRA DEVELOPMENT LTD LLP AND PANTERRA GP INC.**
**[Claim Nos. 246, 247, 248, 249 and 250]**

The Court having considered the *GUC Trustee's Objection to Claim Filed By Panterra Development Ltd LLP and Panterra GP, Inc. [Claim Nos. 246, 247, 248, 249 and 250] and Request to Estimate Claims Pursuant to Section 502(c)(1) for Distribution Purposes* (the "Objection") filed on behalf of the Advisory Trust Group, LLC (the "GUC Trustee"), solely in its capacity as GUC Trustee of the GUC Trust (the "GUC Trust" or the "Objector"), pursuant to

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

which the Objector seeks the entry of an order disallowing Claim numbers 246 through 250 (the "Claims"), and the Court having reviewed the Objection and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and no other or further notice need be provided; (e) all responses, if any, to the Objection have been withdrawn, resolved, or overruled; and (f) that good cause appears for the relief requested, it is therefore **HEREBY ORDERED THAT**:

1.      The Objection is SUSTAINED.

2.      Claim Nos. 246, 247, 248, 249 and 250 are hereby disallowed in their entirety pursuant to section 502(b) of the Bankruptcy Code.

3.      The GUC Trustee or the Claims Agent, as applicable, is authorized to update the Claims Register in these cases to reflect the relief granted in this Order.

4.      The Order shall be immediately effective and enforceable upon its entry.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### END OF ORDER ##

DOCS_LA:345200.3 81962/002

**Respectfully submitted by**:

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Steven W. Golden*

Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
780 Third Avenue, 34th Floor
New York, NY  10017
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the GUC Trust*

3