CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed October 4, 2022

United States Bankruptcy Judge

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>STUDIO MOVIE GRILL HOLDINGS, LLC[1], *et al*.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-32633-SGJ<br><br>Jointly Administered |

**STIPULATION BETWEEN CONTINENTAL CASUALTY COMPANY
AND ITS APPLICABLE AFFILIATES AND THE REORGANIZED DEBTORS
RESOLVING PENDING CNA ADMINISTRATIVE EXPENSE CLAIM AND PENDING
<u>OBJECTION TO PREPETITION PROOFS OF CLAIM</u>**

This Stipulation (the "*Stipulation*") is entered among and between (a) Continental Casualty Company and its North American insurance affiliates using the CNA service mark (collectively, "*CNA*"); (b) each of the above-captioned reorganized debtors ("*Studio Movie*" formerly the "*Debtors*" and now the "*Reorganized Debtors*"); and (c) Advisory Trust Group, LLC (the "*GUC Trustee*"), solely in its capacity as GUC Trustee of the GUC Trust (the "*GUC*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

1

91615441v.1
114999925v.3

*Trust*"). This Stipulation refers to CNA and the Reorganized Debtors collectively as the "*Parties*" and each individually as a "*Party*." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 23, 2020 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Texas (the "***Bankruptcy Court***"). The Reorganized Debtors continue to act as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B. On December 21, 2020, the Debtors filed a certain *Amended Notice of Executory Contracts and Unexpired Leases which May be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets and the Proposed Cure Amounts with Respect Thereto* [Dkt. No. 364] (the "***Cure Notice***"). The Cure Notice lists several types of insurance policies between the Debtors and CNA, including, but not limited to, liability, auto, workers' compensation, liquor liability, and excess liability insurance policies (collectively, the "***Insurance Policies***"). *See* Cure Notice, p. 18. The Cure Notice proposes a total cure amount of $0 for each of the Debtors' Insurance Policies with CNA (the "***Proposed Cure Amounts***"). *See Id.* Thus, the Debtors propose that all contracts and Insurance Policies between CNA and the Debtors may be assumed pursuant to the Debtors' proposed sale but that no amounts are currently owing to CNA and thus no cure amount exists.

C. On January 13, 2021, CNA filed a limited objection to the Cure Notice objecting to the potential assumption and assignment of the Insurance Policies without CNA's consent, objecting to the Proposed Cure Amounts listed in Cure Notice, requesting adequate assurance of future performance, and otherwise reserving CNA's rights in connection with the Insurance

91615441v.1
114999925v.3

Policies. *See* Dkt. No. 469 (the "***CNA Cure Notice Objection***"). The CNA Cure Notice Objection noted that CNA might be owed a postpetition outstanding balance of at least $59,843.35.

D. On February 15, 2021, CNA filed a motion for allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b) [Dkt. No. 641] (the "***CNA Administrative Claim***"). The CNA Administrative Claim noted that CNA might be owed a postpetition outstanding balance of at least $59,843.35. In addition, the CNA Administrative Claim asserted an administrative priority claim for any and all postpetition unliquidated amounts owing to CNA.

E. On February 19, 2021, CNA filed prepetition proofs of claim against certain of the Debtors, designated by the Debtors' claims agent as Claim Nos. 489, 490, 491, 492, and 493 (the "***CNA Claim(s)***").

F. The Parties continued the Debtors' response date to the CNA Administrative Claim from time to time.

G. On March 5, 2021, the Notice of Filing of Supplement to the Amended Joint Plan of Reorganization for Studio Movie Grill Holdings, LLC and Jointly Administered Debtors [Docket No. 702] (the "***First Plan Supplement***").

H. On March 31, 2021, the Court entered an order [Dkt. No. 875] (the "***Confirmation Order***") confirming the Debtors' Fourth Amended Joint Plan of Reorganization for Studio Movie Grill Holdings, LLC and Jointly Administered Debtors [Dkt. No. 869] (as same has been or may be further modified, amended, or supplemented from time to time, the "***Plan***").

I. Pursuant to the Plan and the First Plan Supplement and the Plan, CNA's Insurance Policies were assumed in full. However, the First Plan Supplement purported to assert a $0 cure amount in connection with CNA's Insurance Policies for a $0 cure amount.

J. In addition, on August 13, 2021, the Debtors filed an objection to the CNA Administrative Claim [Dkt. 996] (the "*SMG Objection*").

K. The CNA Administrative Claim asserts CNA's rights to such amounts and any other amounts that may have been incurred, or may become due and owing, or may be discovered to be due and owing, and allocable to the postpetition period. By this Stipulation, the Parties wish to resolve the CNA Administrative Claim.

L. In addition, by this Stipulation, and in connection with the assumed CNA Insurance Policies, the Parties wish to resolve outstanding issues relating to unpaid premiums and related amounts and CNA's setoff rights in connection with the foregoing.

M. More specifically, the Parties wish to apply certain amounts of credits and other amounts owing from CNA to the Reorganized Debtors against unpaid premium and related amounts owing from the Reorganized Debtors to CNA (the "*Present Setoff*"). Relatedly, the Reorganized Debtors wish to enter into a payment plan to pay to CNA premium and related amounts that would continue to be outstanding after implementation of the Setoff Application.

N. In addition, the Parties wish to implement and obtain authorization from the Court to continue effectuating setoffs and/or recoupments, pursuant to the terms and conditions of the applicable Insurance Policies, related agreements, and other applicable law, of any and all amounts owing between them in connection with any of the Insurance Policies or related agreements, all in the ordinary course of business pursuant to the various Insurance Policies and related agreements (the "*Ongoing Setoff*").

O. In addition, on July 11, 2022, the Reorganized Debtors and Advisory Trust Group, LLC (the "*GUC Trustee*"), solely in its capacity as GUC Trustee of the GUC Trust (the "*GUC Trust*") jointly filed the *GUC Trustee and Reorganized Debtors' Joint Second Omnibus*

*Objection to Claims (Duplicate)* [Dkt. 1097] (the "**Second Omnibus Claims Objection**"). The Second Omnibus Objection states, in relevant part, that the "Plan was premised on the consolidation of the Debtors for the purposes of distributions to holders of unsecured claims" and that "[a]ccordingly, the same claim filed against multiple debtors is to be treated as a single claim for purposes of claim allowance and distribution under the Plan and GUC Trust." Id., ¶ 5. Among other requests for relief, the Second Omnibus Claims Objection seeks to disallow and expunge CNA Claim Nos. 490, 491, 492, and 493 as duplicative, and to permit one claim filed by CNA, CNA Claim No. 489, to survive and to be unaffected by the Second Omnibus Objection.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. The recitals set forth above are incorporated herein by reference and are made an integral part of this Stipulation.

2. The Parties agree that, in accordance with the terms and conditions set forth in the Plan and the First Plan Supplement, CNA's Insurance Policies were assumed in full.

3. The Parties further agree that, in accordance with the terms and conditions set forth in the Plan and the First Plan Supplement, all outstanding obligations owing from the Reorganized Debtors on account of the Insurance Policies, whether attributable to the period before or after the Petition Date, if any, shall be paid in full. For the avoidance of doubt, the Reorganized Debtors shall pay to CNA, in the ordinary course, all outstanding amounts owing to CNA, if any, as set forth in the prior sentence of this paragraph, regardless of the cure amounts

listed for the Insurance Policies at Exhibit I of the First Plan Supplement or in any other related filings purporting to set forth some other cure amount or amounts.

4. On or before the third business day following (i) approval and entry of this Stipulation by the Bankruptcy Court and (ii) the order approving this Stipulation becoming final and nonappealable, with no further objections to or appeals from such order pending (the "*Effective Date*"), CNA shall file a notice of withdrawal, or take such other or similar action as necessary, to withdraw the CNA Administrative Claim, and the Reorganized Debtors shall file a notice of withdrawal, or take such other or similar action as necessary, to withdraw the SMG Objection.

5. For the avoidance of doubt, by Court approval of this Stipulation, the automatic stay is modified to the extent necessary to implement the Present Setoff.  More specifically, the Parties agree to effectuate and implement the Present Setoff resulting in a net balance of approximately $1,259,699.17 plus certain unliquidated and ongoing amounts owing to CNA (the "*Outstanding Amount*").  The Outstanding Amount includes premium, policy renewal payments, and outstanding deductible amounts, among other charges. The Outstanding Amount is subject to further revision, reconciliation, and adjustment in the ordinary course as claims reconciliation continues and pending the completion of certain policy audits.  The Reorganized Debtors agree to promptly enter into a payment plan with CNA whereby the Reorganized Debtors promise to repay the Outstanding Amount on a go forward basis.

6. In accordance with the assumption of the Insurance Policies and related agreements, the Parties agree to effectuate and implement the Ongoing Setoff, all in the ordinary course of business pursuant to the various Insurance Policies and related agreements between the Parties.

91615441v.1
114999925v.3

7. For the avoidance of doubt, by the Court's approval of this Stipulation, the Parties shall be entitled and authorized to effectuate and implement as necessary and appropriate the Ongoing Setoff on an ongoing basis and in the ordinary course of business.

8. In resolution of the Second Omnibus Claims Objection as it pertains to the CNA Claims, the Parties agree that CNA Claims 489, 490, 491, and 492 shall be withdrawn as duplicative. CNA Claim No. 493 is an amended version of CNA Claim No. 489, filed against lead Reorganized Debtor Studio Movie Grill Holdings, LLC. CNA Proof of Claim 493 shall not be withdrawn or disallowed. CNA Claim No. 493 shall constitute CNA's surviving claim and all rights asserted by and in such a claim are preserved to the fullest extent possible. Nothing in this Stipulation shall impact, impair, or otherwise affect the Parties' rights, arguments, and/or defenses in connection with the surviving CNA Claim, *i.e.* CNA Claim No. 493. Notwithstanding the foregoing, CNA disclaims any right to receive distributions from the GUC Trust on account of its surviving prepetition claim.

9. Nothing in this Stipulation shall impact, impair, or otherwise affect the Reorganized Debtors rights to receive reimbursement or credits related to periodic audits of insurance premiums or any other amounts due and owing to the Reorganized Debtors by CNA, as and when such amounts are due and payable under the insurance program, and subject to any of CNA's applicable rights of setoff and recoupment.

10. This Stipulation will be deemed "preference neutral," and will neither enlarge nor reduce any claims or defenses that may be available to either Party in any litigation between the Parties under 11 U.S.C. § 547.

11. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or e-mail, and each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof. This Stipulation cannot be amended except by an authorized written agreement signed by each of the Parties.

13. The Reorganized Debtors, the Reorganized Debtors' claims agent, Donlin Recano & Company, Inc., and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

14. This Stipulation is subject to approval by the Bankruptcy Court and the Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

**IT IS SO ORDERED.**

### END OF ORDER ###

91615441v.1
114999925v.3

**STIPULATED AND AGREED:**

| | |
|---|---|
| September 29, 2022 | September 29, 2022 |
| By: */s/ Michael B. Kind* | By: */s/ Jeffery M. Veteto* |
| **LOCKE LORD LLP**<br>Jonathan W. Young<br>111 Huntington Avenue<br>Boston, MA 02199<br>Telephone: 617-239-0367<br>Facsimile: 855-595-1190<br>jonathan.young@lockelord.com<br><br>Stephen J. Humeniuk<br>Texas Bar No. 24087770<br>600 Congress Ave., Suite 2200<br>Austin, TX 78701<br>Telephone: (512) 305-4700<br>Facsimile: (512) 305-4800<br>stephen.humeniuk@lockelord.com<br><br>Michael B. Kind<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 443-0700<br>Facsimile: (855) 595-1192<br>michael.kind@lockelord.com<br><br>*Attorneys for Continental Casualty Company and its North American insurance affiliates using the CNA service mark (collectively, "CNA")* | **LAW OFFICES OF FRANK J. WRIGHT, PLLC**<br>Frank J. Wright<br>Texas Bar No. 22028800<br>Jeffery M. Veteto<br>Texas Bar No. 24098548<br>12222 Merit Drive, Suite 1700<br>Dallas, Texas 75201<br>Telephone: (214) 935-9100<br><br>**COUNSEL TO REORGANIZED DEBTORS**<br><br>September 29, 2022<br><br>By: */s/ Steven W. Golden*<br><br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>Steven W. Golden<br>440 Louisiana Street, Suite 900<br>Houston, TX 77002<br>Tel: (713) 691-9385<br>Facsimile: (713) 691-9407<br>sgolden@pszjlaw.com<br><br>***COUNSEL TO THE GUC TRUST*** |

91615441v.1
114999925v.3