Jeffrey N. Pomerantz (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Steven W. Golden (SBT 24099681)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com
Tel: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the GUC Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-32633-SGJ |
| | § | |
| STUDIO MOVIE GRILL HOLDINGS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**STIPULATION WITH KAMAT DAMANI
REGARDING (I) PROOF OF CLAIM NUMBER 268 AND
(II) RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION**

This Stipulation (the "**Stipulation**") is dated October 27, 2022, between Advisory Trust Group, LLC (the "**GUC Trustee**"), solely in its capacity as GUC Trustee of the GUC Trust (the "**GUC Trust**"), Movie Grill Concepts XXVI, LLC (the "**Reorganized Debtor**"), and Kamat Damani ("**Plaintiff**"), as plaintiff in a pending lawsuit before the Illinois Workers' Compensation Commission (the "**Commission**"), case number 18WC010582, captioned *Kamat Damani v. Studio Movie Grill* (the "**Lawsuit**").

**IT IS HEREBY STIPULATED** by all parties to the above-captioned matter as follows:

**WHEREAS** on April 9, 2018, the Plaintiff filed the Lawsuit against Movie Grill Concepts XXVI, LLC (the "**SMG Defendant**"). In the Lawsuit, Plaintiff alleges a workplace injury.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/Clients/smgh/Index.

**WHEREAS** on October 23, 2020 (the "**Petition Date**"), each of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. § § 101-1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"). The chapter 11 cases are pending before the Honorable Stacey G. Jernigan, United States Bankruptcy Judge, and are being jointly administered under the lead case, *In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633-SGJ.

**WHEREAS**, the Debtors continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on March 31, 2021, the Court entered the order [Docket No. 875] (the "**Confirmation Order**") confirming the *Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 875] (the "Plan").

**WHEREAS**, the Plan became effective by its terms April 15, 2021 (the "**Effective Date**"). *See Notice of (I) Entry of Order Confirming the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization and (II) Occurrence of the Effective Date* [Docket No. 917].

**WHEREAS**, the GUC Trust was created pursuant to the Plan and the GUC Trust Agreement, and Advisory Trust Group, LLC was appointed as the GUC Trustee of the GUC Trust. *See* Plan at Article IV.B.1-2.

**WHEREAS,** pursuant to Article VII.B of the Plan, (a) the GUC Trustee is vested with the sole authority to prosecute objections to GUC Claims, Convenience Class Claims, and the Panterra Claims and (b) the Reorganized Debtors are vested with the sole authority to prosecute objections to all other Claims, in each instance from and after the Effective Date of the Plan.

2

**WHEREAS**, on or about February 5, 2021, Plaintiff filed proof of claim number 257 ("**Claim No. 268**") against the Reorganized Debtor.

**WHEREAS** the parties agree that the SMG Defendant is an indispensable party to the Lawsuit.

**NOW, THEREFORE,** the parties agree as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under section 362 of the Bankruptcy Code and the injunction imposed by Article VIII.H of the Plan, as applicable, is modified to permit Plaintiff to continue the Lawsuit solely for the purpose of pursuing, litigating, and collecting from applicable insurance policies, if any, and not against the Debtors, their estates, the GUC Trust or their successors.

3. Plaintiff agrees and acknowledges that (1) any recovery arising from the Lawsuit with respect to the Debtors, their estates, or their successors is limited to funds made available from applicable insurance policies, if any, and not from the Debtors, their estates, or their successors; (2) to the extent that applicable insurance policies, if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Debtors, their estates, the GUC Trust, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 proceedings, and Plaintiff shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, the GUC Trust, or any of their successors; and (3) Plaintiff agrees to hold the Debtors and the GUC Trust harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Plaintiff of any

judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

    4.    Plaintiff agrees that Claim No. 268 and any other claims or proofs of claim held, asserted, filed or to be filed by Plaintiff in connection with Lawsuit against the Debtors, their estates, the Reorganized Debtors, or their successors in these chapter 11 cases, if any (including any claims for subrogation), are, by entry of this Stipulation, deemed disallowed and expunged and reflected as such on the Bankruptcy Court's official claims register.

    5.    Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

    6.    By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

    7.    Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

    8.    Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

4

9. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

**ACCEPTED AND AGREED TO:**

| | |
|---|---|
| Dated: October 27, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | By:  */s/ Steven W. Golden* <br> Jeffrey N. Pomerantz (admitted *pro hac vice*) <br> 10100 Santa Monica Boulevard, 13th Floor <br> Los Angeles, CA  90067 <br> Tel: (310) 277-6910 <br> Facsimile: (310) 201-0760 <br> jpomerantz@pszjlaw.com |
| | Robert J. Feinstein (admitted *pro hac vice*) <br> Steven W. Golden (SBT 24099681) <br> 780 Third Avenue, 34th Floor <br> New York, NY  10017 <br> Tel: (212) 561-7700 <br> Facsimile: (212) 561-7777 <br> rfeinstein@pszjlaw.com <br> sgolden@pszjlaw.com |
| | *Counsel to the GUC Trust* |
| Dated: October 27, 2022 | **MCHARGUE AND JONES, LLC** |
| | By:  */s/ Brenton M. Schmitz* <br> 123 W. Madison St., Suite 1800 <br> Chicago, IL 60602 <br> bschmitz@mcharguelaw.com |
| | *Counsel to Kamat Damani* |

Dated: October 27, 2022

**LAW OFFICES OF FRANK J. WRIGHT, PLLC**

By: */s/ Jeffery M. Veteto*
Frank J. Wright
Texas Bar No. 22028800
Jeffery M. Veteto
Texas Bar No. 24098548
12222 Merit Drive, Suite 1700
Dallas, TX 75251-2269
Telephone: (214) 935-9100

*Counsel to the Reorganized Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2022, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Steven W. Golden*
Steven W. Golden, Esq.